UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: DYLAN REEVES, | ) | Case No. 13-21976 |
| | ) | |
| Debtor, | ) | Chapter 13 |
| | ) | |
| DYLAN REEVES, | ) | Adv. Pro. No. 16-00523 |
| | ) | |
| Plaintiff, | ) | Honorable Janet S. Baer |
| | ) | Judge Presiding |
| v. | ) | |
| | ) | |
| KONDAUR CAPITAL CORP., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**KONDAUR'S ANSWER AND AFFIRMATIVE DEFENSES
TO ADVERSARY COMPLAINT**

Defendant, Kondaur Capital Corp. ("Kondaur"), by its counsel, answers and responds to the Complaint to Determine Validity, Priority or Extent of Mortgage Lien ("Adversary Complaint") filed by Plaintiff, Dylan Reeves ("Plaintiff"), as follows:.

**Statement Pursuant to Rule 7008**

Kondaur does not consent to entry of final orders or judgment by the bankruptcy court for matters in this Adversary Complaint.

**Answers to Allegations**

1.  The Plaintiff(s), Dylan Reeves, an individual who reside(s) in the State of Illinois.

**ANSWER:**   Kondaur lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this Paragraph.

2.  The Defendant, Kondaur Capital Corp. ("Kondaur"), a company that regularly does business in the State of Illinois, particularly in the business of mortgage lending and servicing.

**ANSWER:** Kondaur is unable to determine what is meant by "regularly does business," but attempting to respond, Kondaur admits only that it sometimes conducts business in the State of Illinois including mortgage lending and servicing, but otherwise, Kondaur denies the allegations.

3. On May 27, 2013, Plaintiff(s) filed a voluntary petition for relief under 11 U.S.C. Chapter 13.

**ANSWER:** Kondaur admits the allegations contained in this Paragraph.

4. This adversary proceeding arises under Sections 502 and 506 of the United States Bankruptcy Code and is a core proceeding under 28 U.S.C. §157(b)(2)(K).

**ANSWER:** The allegations contained in this Paragraph state legal conclusions rather than allegations of fact, and therefore no response is required.

5. This Honorable Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 151, 157, and 1334 in that this action relates to Bankruptcy Case Number 13-21976, *In re Dylan Reeves*, which is presently pending before this Honorable Court.

**ANSWER:** The allegations contained in this Paragraph state legal conclusions rather than allegations of fact, and therefore no response is required. Kondaur does not contest jurisdiction.

6. Plaintiff is the owner of real estate, hereinafter referred to as "The Reeves Property," at 9808 S. Normal, Chicago, IL 60628.

**ANSWER:** Kondaur lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this Paragraph.

7. Kondaur claims a first mortgage lien on The Reeves Property.

**ANSWER:** Kondaur admits only that it is the current mortgagee of a first-priority mortgage ("Subject Mortgage") securing a loan extended on December 8, 2006 by Shorebank to Plaintiff for the maximum principal amount of $231,300 ("Subject Loan") and secured as to the real property commonly known as 9808 S. Normal, Chicago, Illinois 60628 ("Real Property"), but otherwise, Kondaur denies any remaining claims in this Paragraph.

8. The legal description in the mortgage is as follows:

Lot 4 (Except the North 8 feet thereof) and the North 8 feet of Lot 5 in Block 9 in Odell's Addition to Euclid Park, as Subdivision of the East 1/2 of the Northwest 1/4 of Section 9, Township 37 North, Range 17, East of the Third Principal Meridian in Cook County, Illinois. (Attached as Exhibit A is a copy of the mortgage.)

**ANSWER:**   Kondaur admits the allegations in this Paragraph only to the extent they are consistent with the Subject Mortgage, but otherwise, denies the allegations in this Paragraph.

9.   The current legal description for the Reeves Property is:

Lot 4 (except the North 8 feet) and the North 16 feet of Lot 5 in V.H. Surghnor's Subdivision of Block 9 to 16 in Odell's Addition to Euclid Park Subdivision of the East 1/2 of the Northwest 1/4 of Section 9 Township 37 North, Range 14 East of the Third Principal Meridian in Cook County, Illinois. (Attached as Exhibit B is a copy of the County Clerk's certification of the correct legal description.)

**ANSWER:**   Kondaur lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this Paragraph.

10.   The original warranty deed contained a legal description similar to the one in Par. 8 above except that the Range Number is wrong. (Attached as Exhibit C is a copy of the warranty deed.)

**ANSWER:**   Kondaur admits the allegations in this Paragraph only to the extent they are consistent with the warranty deed attached to the Adversary Complaint as Exhibit C, but otherwise, Kondaur lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this Paragraph.

11.   The reason for the differing legal descriptions now is that the building on the property straddled a property line causing Mr. Reeves to have to buy additional land in 2006 to eliminate the problem. (Attached as Exhibit D is a copy of the warranty deed where Plaintiff purchased the additional land necessary to have a lot that encompassed the full building.)

**ANSWER:**   Kondaur lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this Paragraph.

12.   The Property Identification Number in the mortgage is 25-09-129-057-0000 (Exhibit A).

**ANSWER:** Kondaur admits the allegations in this Paragraph only to the extent they are consistent with the Subject Mortgage, but otherwise, denies the allegations in this Paragraph.

13. The correct PIN is 25-09-129-064-0000 (Exhibit B).

**ANSWER:** Kondaur denies the allegations contained in this Paragraph.

14. Indeed, a search of the Cook County Treasurer's site yields nothing when the "057" PIN is searched whereas the "064" PIN is recognized as the one corresponding to 9808 S. Normal. (Attached as Exhibit E is a copy of the property tax information from the site.)

**ANSWER:** Kondaur lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this Paragraph.

15. Plaintiff believes Kondaur and its predecessors were aware of these problems, which would cause difficulty enforcing the purported lien, which is why they did not oppose confirmation of the plan in the Chapter 13 case.

**ANSWER:** Kondaur denies the allegations contained in this Paragraph.

16. In 2012, Kondaur's predecessor attempted to remedy the problem by filing a motion in a foreclosure case seeking to file an amended complaint that corrected the legal description. (Attached as Exhibit F is a copy of the motion.)

**ANSWER:** Kondaur lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this Paragraph.

17. As mentioned in the foreclosure court motion, the Range Number in the mortgage is wrong and should be Range 17 rather than Range 14.

**ANSWER:** Kondaur lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this Paragraph.

18. Regardless of the merging of the properties, the incorrect Range Number casts the validity of Kondaur's lien into doubt.

**ANSWER:** Kondaur denies the allegations contained in this Paragraph.

19. Then, factoring in the new legal description and straddling of the property line, Kondaur's position as secured creditor is further undercut.

**ANSWER:** Kondaur denies the allegations contained in this Paragraph.

20. Failure to properly list a legal description prevents a recorded mortgage from providing the necessary constructive notice to all other creditors that a lien is held. *In re: Thomas*, 387 B.R. 4 (Bankr. N.D. Iowa 2008).

**ANSWER:** The allegations contained in this Paragraph state legal conclusions rather than allegations of fact, and therefore no response is required, but to the extent a response is required, Kondaur denies the allegations contained in this Paragraph.

21. Kondaur claims a mortgage lien in a property which has the wrong Range Number, wrong PIN, and wrong legal description.

**ANSWER:** Kondaur admits only that it is the current mortgagee of the Subject Mortgage, but otherwise, Kondaur denies any remaining claims in this Paragraph.

22. Under § 502(b)(1), Kondaur's claim is unenforceable against the debtor and property of the debtor due to the errors.

**ANSWER:** Kondaur denies the allegations contained in this Paragraph.

23. Under § 544(b)(1), Kondaur's lien may be avoided, but to the extent a response is require the allegations are denied.

**ANSWER:** Kondaur denies the allegations contained in this Paragraph.

WHEREFORE, Kondaur denies any and all alleged liability on its part in this matter, denies that Plaintiff is entitled to any relief, requests that judgment be entered in its favor, with costs assessed, and requests that this Court grant such further and additional relief as it deems just and appropriate.

## AFFIRMATIVE DEFENSES

For its Affirmative Defenses, Kondaur states the following:

1. On or about December 8, 2006, ShoreBank extended a loan with an original principal balance not to exceed $231,300 ("Subject Loan") to Dylan Reeves and secured by a mortgage ("Mortgage") as to the real property commonly known as 9808 S. Normal, Chicago, Illinois 60628 ("Subject Property").

5

2.      At the time the Subject Loan was extended, Plaintiff and ShoreBank intended for the Subject Property to be used as collateral to secure the amounts due under the Subject Loan and for the Mortgage to create a lien against the Subject Property.

3.      Any error in the legal description of the Subject Property contained in the Mortgage was not intentional.

4.      Federal Deposit Insurance Corporation ("FDIC") as receiver for ShoreBank assigned the Mortgage to Urban Partnership Bank ("UPB") on or about October 13, 2011 and recorded with the Cook County Recorder of Deeds as Document No. 1129013053 on October 17, 2011.  A copy of the Assignment from FDIC to UPB is attached hereto as Exhibit 1.

5.      The Assignment from FDIC to UPB provided the following legal description for the Subject Property:

> LOT 4 (EXCEPT THE NORTH 8 FEET THEREOF) AND THE NORTH 8 FEET OF LOT 5 IN BLOCK 9 IN ODELL'S ADDITION TO EUCLID PARK, A SUBDIVISION OF THE EAST ½ OF THE NORTHWEST ¼ OF SECTION 9, TOWNSHIP 37 NORTH, RANGE 14 EAST OF THE THIRD PRINCIPAL MERIDIAN, IN COOK COUNTY, ILLINOIS.

6.      Following the Plaintiff's default under the terms of the Subject Loan and Mortgage, UPB filed a complaint to foreclose with the Circuit Court of Cook County, Illinois, Case No. 11 CH 40227 ("Foreclosure Action") on November 22, 2011.

7.      Concurrently with filing its complaint in the Foreclosure Action, on November 22, 2011, UPB recorded its lis pendens notice of foreclosure ("Notice of Foreclosure") with the Cook County Recorder of Deeds as Document No. 1132644060.  A copy of the Notice of Foreclosure is attached hereto as Exhibit 2.

8.      The Notice of Foreclosure provides a Permanent Index Number for the Subject Property as "25-09-129-064-0000", and for the legal description states:

LOT 4 (EXCEPT THE NORTH 8 FEET THEREOF) AND THE NORTH 8 FEET OF LOT 5 IN BLOCK 9 IN ODELL'S ADDITION TO EUCLID PARK, A SUBDIVISION OF THE EAST ½ OF THE NORTHWEST ¼ OF SECTION 9, TOWNSHIP 37 NORTH, RANGE 14 EAST OF THE THIRD PRINCIPAL MERIDIAN, IN COOK COUNTY, ILLINOIS.

9. Urban Partnership Bank assigned its interests in the Mortgage to MRF Illinois One, LLC on or about December 13, 2013 and recorded with the Cook County Recorder of Deeds as Document No. 1610656052 on April 15, 2016.

10. MRF Illinois One, LLC assigned its interests in the Mortgage to Kondaur on or about January 28, 2016 and recorded with the Cook County Recorder of Deeds as Document No. 1610656053 on April 15, 2016.

### First Affirmative Defense

11. Kondaur restates and incorporates by reference the facts stated in Paragraphs 1-10 of its Affirmative Defenses above.

12. Plaintiff fails to state a claim for which the relief requested can be granted, and Kondaur reserves and does not waive its arguments relating to the legal sufficiency of Plaintiff's allegations.

WHEREFORE, Kondaur requests that judgment be entered in its favor and against Plaintiff, with costs and attorney's fees assessed, and request that this Court provide such further and additional relief as it deems just and appropriate.

### Second Affirmative Defense

13. Kondaur restates and incorporates by reference the facts stated in Paragraphs 1-10 of its Affirmative Defenses above.

14. To the extent that Plaintiff suffered any alleged damages, the existence of which are expressly denied, the alleged damages are barred and/or limited in whole or in part by the

Plaintiff's own failure to mitigate the alleged damages, and/or the alleged damages were caused in whole or in part by their own acts or omissions.

WHEREFORE, Kondaur request that judgment be entered in their favor and against Plaintiff, with costs and attorney's fees assessed, and request that this Court provide such further and additional relief as it deems just and appropriate.

### Third Affirmative Defense

15. Kondaur restates and incorporates by reference the facts stated in Paragraphs 1-10 of its Affirmative Defenses above.

16. Plaintiff's claims are barred by the equitable doctrines of estoppel, waiver, laches, and/or unclean hands.

WHEREFORE, Kondaur request that judgment be entered in their favor and against Plaintiff, with costs and attorney's fees assessed, and request that this Court provide such further and additional relief as it deems just and appropriate.

The above Affirmative Defenses are based on the facts currently known to Kondaur, and Kondaur reserves the right to amend or add affirmative defenses based on facts that may later be discovered, pled, or offered.

Dated:  September 9, 2016                                    Respectfully submitted,

Ralph T. Wutscher                                **KONDAUR CAPITAL CORP.**
Coleman Braun
Allan Z. Enriquez
MAURICE WUTSCHER LLP
105 W. Madison Street, 18th Floor
Chicago, Illinois 60602
Tel.  (312) 416-6170
Fax. (312) 284-4751                    By:    /s/ Coleman J. Braun
                                                      One of Its Attorneys

## Certificate of Service

  Coleman J. Braun, an attorney, certifies that on **September 9, 2016**, he caused the service of a true and correct copy of the foregoing document and any referenced exhibits via ECF on all parties who are Filing Users.

                /s/ Coleman J. Braun