## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS - EASTERN DIVISION

| | | |
|---|---|---|
| In re:Dylan Reeves | | ) IN A CHAPTER 13 PROCEEDING |
| | Debtor(s) | ) |
| Dylan Reeves | | ) |
| | Plaintiff(s) | ) |
| | vs. | ) Adversary No. 16-00523 |
| Kondaur Capital Corp. | | ) |
| | Defendant | ) Judge Janet S. Baer |
| | | ) Re: Bankr. Case No. 13-21976 |

### PLAINTIFF'S MEMORANDUM IN SUPPORT
### OF MOTION FOR SUMMARY JUDGMENT

Dylan Reeves, the Debtor and Plaintiff, is the owner of property at 9808 S. Normal, in Chicago, Illinois. Defendant is a purported mortgage holder against the Normal property, but the confirmed plan provides that Kondaur's mortgage will be treated as an unsecured claim. Because the plan binds all creditors to its terms, Kondaur does not have a defense to the lien avoidance sought by the adversary proceeding.

Kondaur's predecessor, Urban Partnership Bank, was in the midst of a foreclosure when the underlying bankruptcy case was filed. (Exhibit 5.) The plan was served on both Shorebank and Urban Partnership at the business address listed on the relevant mortgages as well as on the attorney handling the foreclosure. (Exhibit 2.) No objection to confirmation was filed. (Exhibit 1.) If Kondaur did not wish to be bound to the plan's terms, it was obligated to object. *In re: Harvey*, 213 F.3d 318 (7th Cir. 2000).

Summary judgment is appropriate when no material fact remains to be resolved. The Plan provides that the Urban Partnership claim will be treated as unsecured and the lien will be avoided. (Exhibit 2.) Kondaur is bound to these terms. *In re: Echevarria*, 212 B.R. 185 (B.A.P. 1st Cir. 1997). The binding effect of confirmation is strong enough that a creditor may be held to a plan's terms even

if the provision in the plan is not completely appropriate. *In re: Bateman*, 331 F.3d 821 (11th Cir. 2003).

The Plan states in 2 different places that the lien of Kondaur's predecessor will be avoided. First, Paragraph G informs Urban Partnership Bank that it "shall not be paid on any secured proof of claim; lien to be avoided and treated as unsecured." (Exhibit 2.) Additionally, Urban Partnership is listed in Paragraph E(3.2) of the plan which was devised by the court as a separate class specifically to inform creditors that their liens were in jeopardy. These provisions are sufficiently specific to place Kondaur's predecessor on notice that the debtor sought to avoid the lien. *In re: King*, 290 B.R. 641 (Bankr. D.C. Ill. 2003).

As this Court pointed out a few months ago in the bankruptcy case, Kondaur waited until May of 2016 to bring a motion to modify the automatic stay. This is not a case of a creditor raising an objection shortly after confirmation and alleging some problem with mounting its defense in time. The motion to modify the stay is a collateral attack on the terms of the plan. That type of attack is prohibited. *In re: Chappell*, 984 F.2d 775, 782 (7th Cir. 1993). Similarly, no reason remains why a judgment should not be entered against Kondaur now.

WHEREFORE Dylan Reeves, the Plaintiff herein, prays that this Honorable Court enter a Judgment against Defendant, Kondaur Capital Corp., avoiding the mortgage lien claimed against The Reeves Property at 9808 S. Normal in Chicago, Illinois.

Respectfully submitted,

_____/s/ Robert J. Adams & Assoc._____
ONE OF THE ATTORNEYS FOR
Dylan Reeves
Robert J. Adams & Associates