UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: DYLAN REEVES, | ) | Case No. 13-21976 |
| | ) | |
| Debtor, | ) | Chapter 13 |
| | ) | |
| DYLAN REEVES, | ) | Adv. Pro. No. 16-00523 |
| | ) | |
| Plaintiff, | ) | Honorable Janet S. Baer |
| | ) | Judge Presiding |
| v. | ) | |
| | ) | |
| KONDAUR CAPITAL CORP., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**KONDAUR'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND IN SUPPORT OF KONDAUR'S CROSS-MOTION FOR SUMMARY JUDGMENT**

Defendant, Kondaur Capital Corp. ("Kondaur"), by its counsel, submits the following memorandum in opposition to the Motion for Summary Judgment [Doc. 8] filed by Plaintiff, Dylan Reeves ("Plaintiff") and in support of Kondaur's Cross-Motion for Summary Judgment.

**Introduction**

In the present adversary proceeding, Plaintiff seeks to avoid the lien because of an alleged error in the Subject Mortgage concerning the legal description of the Subject Property. *See* Adversary Complaint [Doc. 1]. Plaintiff's present motion for summary judgment does not touch on this subject, but rather relies fully on the legal theory that the language of the Confirmation Plan itself avoids the lien. *See* Plaintiff's Memo in Support of its Motion for Summary Judgement [Doc. 8-1] ("Plaintiff's Memo"). Under either theory, Plaintiff's claims fail as a matter of law, and judgment should be entered in favor of Kondaur pursuant to Federal Bankruptcy Rule 7056.

1

First, Plaintiff's reliance on the Chapter 13 Plan to avoid Kondaur's mortgage ("Subject Mortgage") fails because the mere confirmation of a Chapter 13 plan does not have any preclusive effect on the validity or enforceability of the Subject Mortgage against the property at issue ("Subject Property"). For this reason, as further detailed below, Plaintiff's motion for summary judgment must be denied.

Second, Plaintiff's attempt to avoid the Subject Mortgage premised upon purported errors in the legal description of the Subject Property also fails. The Subject Mortgage appears in the chain of title for the Subject Property and any bona fide purchaser at the time of the filing of the Plaintiff's Bankruptcy Petition would have had constructive notice of that interest.

Accordingly, the Court should deny Plaintiff's motion for summary judgment and instead, grant judgment in favor of Kondaur as to the Plaintiff's Adversary Complaint.

**Statement of Material Facts**

As an initial matter, Kondaur assumes that Plaintiff intends that its "Motion for Summary Judgment" also stands for its Statement of Material Facts as required by Local Rule 7056-1(B), as Plaintiff did not submit a separately labeled statement. *See* Motion for Summary Judgment [Doc. 8].

To that extent, Kondaur incorporates by reference its concurrently filed response to Plaintiff's "Statement of Material Facts" and its own additional Statement of Material Facts ("SOMF") as required Local Rule 7056-1 (B) and Local Rule 7056-2 (A)(2).

## Standard of Review

Federal Bankruptcy Rule 7056 provides that Rule 56 of the Federal Rules of Civil Procedure applies in adversary proceedings. Under Federal Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986).

A party seeking summary judgment always bears the initial responsibility of informing the court of the basis for its motions, and must identify those portions of the "pleadings, depositions, answers to interrogatories, and affidavits, if any", which it believes demonstrate the absence of a genuine issue of material fact. *Celotex,* 477 U.S. at 323.

On a summary judgment motion, the inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255 (1986). The existence of a material factual dispute is sufficient only if the disputed fact is determinative of the outcome under applicable law. *Anderson,* 477 U.S. at 248.

The nonmoving party must offer more than "[c]onclusory allegations, unsupported by specific facts" in order to establish a genuine issue of material fact. *Payne v. Pauley*, 337 F.3d 767, 773 (7th Cir. 2003). The nonmoving party cannot successfully oppose summary judgment without presenting "definite, competent evidence to rebut the motion." *EEOC v. Sears, Roebuck & Co.*, 233 F.3d 432, 437 (7th Cir. 2000); *Anderson*, 477 U.S. 242 at 256.

**Argument**

**I.     The Confirmation of the Plan Does Not Affect the Subject Mortgage.**

For his sole argument in support of his Motion for Summary Judgment, Plaintiff erroneously suggests that Plaintiff's inclusion of statements to the effect that the Subject Mortgage and Loan "shall not be paid on any secured proof of claim; lien to be avoided and treated as unsecured" is somehow sufficient to strip the Subject Mortgage and Kondaur's rights to the Subject Property. *See* Plaintiff's Memo, p. 2. Plaintiff is incorrect because the confirmation does not settle the validity or extent of Kondaur's secured lien or other interest in the property.

It is a legal maxim that "bankruptcy law permits a lien to pass through bankruptcy unaffected." *Palomar v. First Am. Bank,* 722 F.3d 992, 993 (7th Cir. 2013) (*citing In re Tarnow*, 740 F.2d 464, 465-66 (7th Cir. 1984); *see also, Long v. Bullard*, 117 U.S. 617, 620-21 (1886) ("security was preserved notwithstanding the bankruptcy of [the] debtor.") This "venerable principle" allows "[t]he holder of [an allowed secured claim] can if he wants ignore the bankruptcy proceeding and enforce his claim by foreclosing the lien." *Palomar*, at 994.

Section 11 U.S.C. § 1322(b)(2) allows for a Chapter 13 plan to "modify the rights of holders of secured claims". However, the validity of lien must be resolved in an adversary proceeding as mandated by Fed. R. Bankr. P. 7001(2). *Strong v. U.S. Dep't of Treasury*, *IRS (In re Strong)*, 203 B.R. 105, 114 (N.D. Ill. 1996) (citing *Cen-Pen Corp. v. Hanson*, 58 F.3d 89, 92-93 (4th Cir. 1995)). Accordingly, unless the "lien avoidance is actually litigated, ***confirmation has no preclusive effect and does not bind a secured creditor on the scope or validity of its lien.***" *Id.* (emphasis added).

For this reason alone, Plaintiff's Motion for Summary Judgment should be denied.

In support of his motion, Plaintiff erroneously relies upon *In re: Bateman*, 331 F.3d 821 (11th Cir. 2003) for the proposition that the Subject Mortgage can be avoided merely through the notations in the Plaintiff's Chapter 13 plan. *See* Plaintiff's Memo. Plaintiff's reliance upon *Bateman* is misplaced as that case does not support his argument that the Subject Mortgage can be stripped or avoided by the mere filing of a Chapter 13 plan by the Plaintiff.

Briefly, in *Bateman*, following the debtor's filing of his initial petition and Chapter 13 plan, the secured creditor filed a proof of claim providing for $49,178.80 in arrearages on its mortgage loan. *Id.* at 823. Subsequently, the debtor filed an amended Chapter 13 plan which provided payment to the secured creditor on his claim in the amount of $21,600.00. *Id.* The secured creditor failed to object to the amended plan, and the bankruptcy court confirmed the plan. *Id.* Nearly a year after the amended plan's confirmation, the debtor filed an objection to the secured creditor's proof of claim. *Id.* The bankruptcy court sustained the debtor's objection and determined that "[a]s a matter of substance the Chapter 13 plan provided an objection to the claim which placed a duty on [the secured creditor] to pursue the matter if the $21,600 was not acceptable." *Id.* The essence of the bankruptcy court's ruling was that the secured creditor's **proof of claim** was reduced from $49,178.80 to $21,600, and that following the full payment of that amount by the debtor pursuant to the plan, the secured creditor was barred from attempting to collect on the difference. *Id.* at 824. The secured creditor appealed that determination.

As an initial matter, the court in *Bateman* notes that as a general matter "the holder of a secured claim is entitled to protection under the bankruptcy code to the extent of the collateral's value securing the claim." *Bateman*, 331 F.3d at 826. Further, the court in *Bateman* noted the venerable rule that a secured creditor "need not do anything during the course of the bankruptcy proceeding because it will always be able to look to the underlying collateral to satisfy its lien."

5

*Id.* at 827. Based, in part, upon these principles, the court in *Bateman* determined that the secured creditor's claim "is unaffected by the Plan and survives the bankruptcy unimpaired." *Id.,* at 832. Appropriately, the court in *Bateman* **reversed** the bankruptcy court and determined that the "lien and arrearage claim survives." *Id.*, at 833.

Notably, Plaintiff relies upon *Bateman* for the proposition that "[t]he binding effect of confirmation is strong enough that a creditor may be held to a plan's terms even if the provision in the plan is not completely appropriate." *See* Plaintiff's Memo, p. 1-2. While admittedly, the court in *Bateman* did uphold that debtor's Chapter 13 plan (albeit without ANY EFFECT on the lien or claim for arrearages), this ruling was entered based upon that secured creditor's own failings during the plan operation which included the acceptance of payments on its claim for arrearages for three years. *See Bateman*, at 833-34. The court further justified this result because as noted above, the secured creditor's lien and claim for arrearages was unaffected by the plan.

Importantly, although the court in *Bateman* did affirm the lower court's refusal to dismiss the amended Chapter 13 plan and that the secured creditor was bound by that plan, it explicitly noted that based upon the failings of the plan, the secured creditor's "claim for arrearage survives the Plan and it retains its rights under the mortgage until [the secured creditor's] claim is satisfied in full." *Id.*, at 834. The effect of the *Bateman* court's ruling is that the secured creditor could not challenge the plan's treatment of its arrearages – i.e. that it was being paid at a lesser amount – however, the court explicitly noted that this payment did not cure the arrearages. Consequently, *Bateman* provides zero support for Plaintiff's argument that a confirmed Chapter 13 plan can operate to avoid a secured creditor's lien.

Moreover, unlike the secured creditor in *Bateman*, Kondaur has never filed a proof of claim in the underlying bankruptcy action. *See* SOMF, ¶ 22. Instead, Kondaur has simply filed a motion for relief from the automatic stay in order to proceed with satisfying the Subject Loan through foreclosure on the Subject Property. *See* SOMF, ¶¶ 21-22. Additionally, unlike the debtor in *Bateman,* Plaintiff does not provide for ANY payment towards the Subject Loan and its arrearages, and instead, Plaintiff for his purported Chapter 13 plan attempts *ipse dixit* to avoid the lien entirely without payment. Thus, the holding in *Bateman* which pertains to the general validity of a defective the Chapter 13 plan is entirely inapposite to the present circumstances.

Further, the court in *Bateman* explicitly rejected the exact result that Plaintiff now requests, i.e. the avoidance of a secured lien. Relying heavily upon a prior opinion by the Fifth Circuit Court of Appeals, the court in *Bateman* stated that allowing the confirmation to strip a lien by operation of Section 1327(c) of the Bankruptcy Code would allow the "Debtor [to] materially improve his financial position, by unencumbering secured assets, through the simple expedient of passing his property through the estate." *Bateman*, at 831(internal citations omitted); *quoting Simmons v. Savell,* 765 F.2d 547, 551 (5th Cir. 1985). Agreeing with the reasoning from the Fifth Circuit, the court in *Bateman* concluded that "a secured creditor's lien survives a contrary plan confirmation." *Bateman*, at 830.

Therefore, not only does the holding in *Bateman* NOT support the Plaintiff's position, but it explicitly mandates a determination in favor of Kondaur.

Accordingly, the Court should deny Plaintiff's Motion for Summary Judgment and instead, grant judgment in favor of Kondaur as to the adversary complaint filed by Plaintiff.

7

II. **Plaintiff's Adversary Complaint is Legally and Factually Meritless.**

As demonstrated above, Plaintiff's Motion for Summary Judgment must be denied as the argument that the mere confirmation of a plan allows for the avoidance of the Subject Mortgage is contradicted by the applicable law. Quixotically, the basis for Plaintiff's motion is completely disconnected from the allegations contained in its Adversary Complaint. *Compare* Plaintiff's Memo [Doc. 8-1] *with* Adversary Complaint [Doc. 1]. To the extent that Plaintiff has not abandoned those arguments, they nevertheless fail because they are not supported by the incontrovertible facts in this matter or the law, and consequently, summary judgment is appropriate in favor of Kondaur and against Plaintiff as to his Adversary Complaint.

Plaintiff's sole argument in the Adversary Complaint is that Sections 502(b)(1) and 544(b)(1) of the Bankruptcy Code permit him to avoid the lien because there is an error in the legal description contained in the Subject Mortgage. *See* Complaint, ¶ 21-23. Plaintiff is incorrect.

As an initial matter, nowhere does Plaintiff dispute or allege – as he in good faith cannot – the fact that he was extended a mortgage loan in the original principal balance of $231,300 secured by a mortgage against the Subject Property. *See* SOMF, ¶¶ 5-6. Further, it is undisputed the Kondaur is now the mortgagee of the Subject Mortgage. *See* Plaintiff's Motion, ¶ 16; SOMF, ¶¶ 6, 11, 17, 18. Thus, the sole issue presented in Plaintiff's Complaint is apparently whether or not the various alleged deficiencies in the legal description of the Subject Mortgage allows it to be avoided pursuant to Sections 502 and 504.

Section 502(b)(1) of the Bankruptcy Code provides for the general avoidance of claims to the extent that the claim is "unenforceable against the debtor and the property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent

8

or unmatured." 11 U.S.C. § 502(b)(1).  Section 544(b)(1) of the Bankruptcy Code provides that "the trustee may avoid any transfer of an interest of the debtor in property or any obligation incurred by the debtor that is voidable under applicable law by a creditor holding an unsecured claim that is allowable under section 502 of this title."  11 U.S.C. § 544(b)(1).

It is not entirely clear what "agreement or applicable law" Plaintiff contends that the Subject Mortgage is voidable because as noted above, he apparently abandons this theory as to his summary judgment motion.  Nevertheless, assuming that Plaintiff contends that the purported discrepancies in the legal description and parcel identification number ("PIN") for the Subject Property in the Subject Mortgage creates an issue as to the perfection of Kondaur's lien, he is incorrect.

Although not relied upon by Plaintiff in his Complaint – or summary judgment motion – Section 544(a)(3) provides the bankruptcy trustee with the equivalent avoidance powers of a hypothetical *bona fide* purchaser relative to any real property owned by the debtor at the time of the filing of the petition.  *In re Vondall,* 364 B.R. 668, 670 (B.A.P. 8th Cir. 2007).  This includes the ability to take property free of any liens which are not properly perfected at the time of the filing of the petition.  *In re Marlar,* 252 B.R. 743, 752 (B.A.P. 8th Cir. 2000), *aff'd* 267 F.3d 749 (8th Cir. 2001).

Of course the issue for Plaintiff with pursuing a claim under Section 544(a)(3) – or Section 544(b)(1) – is that he does not have standing to assert the rights of the trustee.  *See e.g., Bank of N.Y. Mellon Trust Co., N.A. v. Wittman*, Case No. 12-c-846, 2013 U.S. Dist. LEXIS 6603, *5 (E.D. Wis. Jan. 14, 2016).  For this reason alone, his claims under the Adversary Complaint fail as a matter of law.

Notwithstanding this failing, and assuming Plaintiff could articulate a theory under which

9

he could pursue an avoidance based upon the rights of a *bona fide* purchaser – which he cannot – his claims would still fail.

Under Illinois law, a mortgage is only valid and enforceable against a bona fide purchaser if such a purchaser would have had constructive notice of the encumbrance. *In re Richardson*, 75 B.R. 601, 604 (Bankr. C.D.Ill. 1987). A bona fide purchaser may have constructive notice through two methods: record notice and inquiry notice. *Brown v. Job*, 433 B.R. 700 (Bankr. N.D.Ill. 2010). Record notice means notice under section 30 of the Illinois Conveyances Act from an instrument duly recorded in the appropriate public office. *See* 765 ILCS 5/30 (2008). Section 30 "imputes to a purchaser knowledge that could be gained from an examination of the **grantor-grantee index** in the office of the Record of Deeds," as well as from court records for the county where the property in question is located. *Job*, 433 BR. at 707-08 ("emphasis added").

A bona fide purchaser has constructive notice through the grantor-grantee index. *Job*, 433 BR. at 707-08*; Wells Fargo Bank, N.A. v. Simpson*, 2015 IL App (1st) 142925, ¶ 56 ("perspective purchaser of an interest in real estate is chargeable with knowledge of what appears in the grantor-grantee index.") Notably, Illinois courts have explicitly noted that mere use of a tract index search relying upon the legal description is entirely insufficient for purposes of determining constructive notice. *See Devon Bank v. Miller*, 397 Ill. App. 3d 535, 545, 921 N.E.2d 462, 473 (1st Dist. 2009); *Skidmore, Owings & Merrill v. Pathway Financial,* 173 Ill. App. 3d 512, 515, 527 N.E.2d 1033, 1035 (3d Dist. 1988) ("Recording outside of the grantor-grantee index, as in the tract index, is recording merely for convenience.")

Pursuant to the applicable Illinois law, a bona fide purchaser of the Subject Property is tasked with searching the Cook County, Illinois grantor/grantee index, and would have

10

constructive notice of any liens appearing against the Subject Property found in that index. *Job*, 433 BR. at 707-08. A lien appears within the chain of title sufficient to provide a bona fide purchaser with constructive notice when the lien at issue appears in the grantor/grantee index as of the date the property was transferred to the record owner. *See e.g., Branch Banking & Trust Co. v. Olsen*, Case No. 14-cv-50027, 2014 U.S. Dist. LEXIS 70078, *4-6 (N.D. Ill. May 22, 2014).

Here, a search under the grantor/grantee index under the Plaintiff's name with the online database maintained by the Cook County Recorder of Deeds and publically available provides notice of the Subject Mortgage recorded against the Subject Property. *See* SOMF ¶ 19; *Hardaway v. CIT Group/Consumer Fin. Inc.,* 836 F. Supp. 2d 677, 866 (N.D. Ill. 2011) (taking judicial notice of "documents available to the public via the Cook County Recorder of Deeds website."). The Subject Mortgage appears in the search subsequent to the Warranty Deed which conveyed the Subject Property to the Plaintiff. *See* SOMF ¶ 19; Grantor/Grantee Search Results (Exs. H-1, H-2, H-3 to SOMF and Braun Declaration). Thus, any *bona fide* purchaser would have constructive notice of the Subject Mortgage.

Consequently, a bona fide purchaser – or in this case, the Plaintiff – may not avoid the Subject Mortgage based upon the purported errors in the legal description and PIN. *In re Vondall,* 364 B.R. at 670; *In re Marlar,* 252 B.R. at 752.

Plaintiff makes a great deal about the various range numbers and PINs assigned to the Subject Property. However, these issues are completely irrelevant under the applicable Illinois law. *See Miller*, 397 Ill. App. 3d at 545. The only relevant search for purposes of establishing constructive notice of a recorded lien is the grantor/grantee index search provided for under 765 ILCS 5/30. *Id.*

11

Moreover, courts faced with similar arguments pertaining to discrepancies in the legal description where – as here – the mortgage provides corroborating indicia in the document as to the property being referenced have determined that reasonable notice of the lien was provided. *See e.g., Wittman*, 2013 U.S. Dist. LEXIS at *23-24 (determining that mortgage found in grantor/grantee record was sufficient to place subsequent purchasers on notice despite errors in the legal description); *Wenzel v. Green Tree Servicing,* 554 B.R. 861, 866 (Bankr. W.D. Wis. 2016) (determining that trustee had no authority to avoid mortgage which appeared in grantor/grantee index despite the complete lack of legal description); *Hamilton v. Washington Mut. Bank Fa*, 563 F.3d 1171, 1183 (10th Cir. 2009) (determining that trustee could not use strong-arm powers to avoid mortgage with incorrect legal description).

Here, the Subject Mortgage correctly indicates the Plaintiff's name, provides the correct common address of the Subject Property, and provides the same PIN provided for in the Warranty Deed which conveyed the Subject Property to Plaintiff. *See* SOMF, ¶¶ 2-4, 6-8; *see also,* Warranty Deed (Ex. A to SOMF); Subject Mortgage (Ex. B to SOMF). Additionally, the legal description provided in the Subject Mortgage is nearly identical to the legal description in the Warranty Deed except for the discrepancy as to the range number. *See* SOMF, ¶¶ 3, 7. Moreover, a party searching the grantor/grantee index would also be made aware of the lis pendens notice ("Lis Pendens") filed by Urban Partnership Bank ("UPB") as to its foreclosure complaint against the Subject Property and Subject Mortgage which appears in the chain of title. *See* SOMF, ¶¶ 14-15, 19. Notably, the Lis Pendens references the Subject Mortgage and provides the correct legal description, and also notes the PIN which Plaintiff asserts is the correct one. *See* SOMF, ¶¶ 14-15, 19; Lis Pendens (Ex. E to SOMF). The sum total of all these indicia is that any reasonable party would be placed on constructive notice of the Subject Mortgage

12

recording Kondaur's interest against the Subject Property.

For all of these reasons, the entire premise for the Plaintiff's theory on his ability to avoid the Subject Mortgage is without any legal merit and not supported by the incontrovertible facts.

Accordingly, summary judgment is appropriate pursuant to Bankruptcy Rule 7056 in favor of Kondaur and against the Plaintiff as to his Adversary Complaint.

WHEREFORE, Kondaur respectfully requests that this court deny Plaintiff's motion for summary judgment, grant summary judgment in its favor as to the Plaintiff's Adversary Complaint and provide such further and additional relief as the Court determines is necessary and appropriate.

Dated:  November 3, 2016                    Respectfully submitted,

Ralph T. Wutscher                           **KONDAUR CAPITAL CORP.**
Coleman J. Braun
Allan Z. Enriquez
MAURICE WUTSCHER LLP
105 W. Madison Street, 18th Floor
Chicago, Illinois 60602
Tel.  (312) 416-6170
Fax. (312) 284-4751              By:    /s/ Coleman J. Braun
                                        One of Its Attorneys

### Certificate of Service

Coleman J. Braun, an attorney, certifies that on **November 3, 2016**, he caused the service of a true and correct copy of the foregoing document and any referenced exhibits via ECF on all parties who are Filing Users.

/s/ Coleman J. Braun