UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: DYLAN REEVES, | ) | Case No. 13-21976 |
| | ) | |
| Debtor, | ) | Chapter 13 |
| | ) | |
| DYLAN REEVES, | ) | Adv. Pro. No. 16-00523 |
| | ) | |
| Plaintiff, | ) | Honorable Janet S. Baer |
| | ) | Judge Presiding |
| v. | ) | |
| | ) | |
| KONDAUR CAPITAL CORP., | ) | |
| | ) | |
| Defendant. | ) | |

**KONDAUR'S STATEMENT OF MATERIAL FACTS**

Defendant, Kondaur Capital Corp. ("Kondaur"), by its counsel, pursuant to Local Rule 7056-1 (B) and Local Rule 7056-2 (A)(2) submits the following response to the "material facts" stated by Plaintiff, Dylan Reeves ("Plaintiff") in support of his Motion for Summary Judgment [Doc. 8] and additional facts which support summary judgment in Kondaur's favor.

**I.    Kondaur's Responses to Plaintiff's Statement of "Established Facts."**

1.    It is undisputed that the debtor filed a Chapter 13 Bankruptcy Petition on May 27, 2013 in the underlying bankruptcy proceeding ("Bankruptcy Action"), but otherwise this statement is controverted. There have been additional entries in the docket for the Bankrupcty Action since the time Plaintiff's Exhibit 1 was created.

2.    This Paragraph constitutes legal conclusions rather than statements of fact, and therefore no response is required.

3.    It is undisputed that the court confirmed a bankruptcy plan on November 7, 2013, but otherwise this statement is controverted. On that date, the court confirmed Plaintiff's

1

amended bankruptcy plan. *See* Bankruptcy Action Docket, Case No. 13-21976 ("Dkt.") at Doc. No. 44.

4.  Controverted. Plaintiff's Exhibit 2 in support of his motion for summary judgment is a certificate of notice, but it does not identify the document served on the listed parties.

5.  Controverted. Plaintiff's Exhibit 2 in support of his motion for summary judgment is a certificate of notice, but it does not identify the document served on the listed parties

6.  Controverted. Plaintiff's Exhibit 2 in support of his motion for summary judgment is a certificate of notice, but it does not identify the document served on the listed parties

7.  Undisputed.

8.  Undisputed.

9.  It is undisputed that the relevant real property, relating to the foreclosure and the mortgage, is commonly known as 9808 S. Normal, Chicago, IL 60628 ("Subject Property"), and that a copy of the mortgage at issue is attached as Exhibit 6 ("Subject Mortgage").

10. It is undisputed that Plaintiff listed the real property commonly known as 9808 S. Normal, Chicago, Illinois on Schedule A in the Chapter 13 bankruptcy petition filed on May 27, 2013. It is controverted that various loans related to the Subject Property are listed on Schedule D with the petition filed on May 27, 2013. Schedule D does not identify specific secured claims associated with the Subject Property. *See* Dkt. # 1.

11. It is undisputed that on December 8, 2016, ShoreBank extended a loan with an original principal balance not to exceed $231,300 ("Subject Loan") to Plaintiff secured by the

2

Subject Mortgage recorded against the Subject Property, but otherwise the statement is controverted.

12. It is undisputed that on December 8, 2016, ShoreBank extended the Subject Loan and the amount indicated in Schedule D is the same as the maximum amount provided for under the Subject Mortgage, but otherwise the statement is controverted.

13. It is undisputed that the confirmed plan section E(3.2)(c) lists "Urban Partnership Bank account 542605" with collateral of "9808 South Normal Avenue," but otherwise the statement is controverted.

14. It is undisputed that the confirmed plan states that "Urban Partnership Bank (account number 542605) shall not be paid on any secured proof of claim; lien to be avoided and treated as unsecured."

15. It is undisputed that Urban Partnership Bank ("UPB") filed an appearance on February 23, 2015 in the Bankruptcy Action, but otherwise this statement is controverted. The appearance was filed after the plan was confirmed. It is unclear whether UPB had notice of the plan.

16. Undisputed.

17. Controverted. UPB filed its appearance after the plan was confirmed. It is unclear whether proper service was effected as to UPB.

18. This Paragraph constitutes legal conclusions rather than statements of fact, and therefore no response is required.

**II.    Kondaur's Statement of Material Facts**

1. This action concerns real property commonly known as 9808 S. Normal, Chicago, IL 60628 ("Subject Property").

3

2. On or about August 20, 2000, Willie D. Maxie conveyed the Subject Property to Plaintiff by warranty deed recorded on July 22, 2005 with the Cook Country Recorder of Deeds as Document Number 0520344052 ("Warranty Deed"). A true and accurate copy of the Warranty Deed is attached hereto as Exhibit A.

3. The Warranty Deed contains the following legal description for the Subject Property:

> LOT 4 (EXCEPT THE NORTH 8 FEET THEREOF) AND THE NORTH 8 FEET OF LOT 5 IN BLOCK 9 IN ODELL'S ADDITION TO EUCLID PARTK, A SUBDIVISION OF THE EAST ½ OF THE NORTHWEST ¼ OF SECTION 9, TOWNSHIP 37 NORTH, RANGE 14 EAST OF THE THIRD PRINCIPAL MERIDIAN, IN COOK COUNTY, ILLINOIS.

4. The Warranty Deed provides a permanent index number ("PIN") for the Subject Property as 25-09-129-057-0000. *See* Warranty Deed (Ex. A).

5. On December 8, 2006, Shorebank extended a mortgage loan to Borrower in the original maximum principal amount of $231,300 ("Subject Loan").

6. The Subject Loan is secured by a mortgage encumbering the Subject Property recorded with the Cook County Recorder of Deeds on March 27, 2007 as Document No. 0708641088 ("Subject Mortgage"). A true and accurate copy of the Subject Mortgage is attached hereto as Exhibit B.

7. The Subject Mortgage provides the following legal description for the Subject Property:

> LOT 4 (EXCEPT THE NORTH 8 FEET THEREOF) AND THE NORTH 8 FEET OF LOT 5 IN BLOCK 9 IN ODELL'S ADDITION TO EUCLID PARTK, A SUBDIVISION OF THE EAST ½ OF THE NORTHWEST ¼ OF SECTION 9, TOWNSHIP 37 NORTH, RANGE 17, EAST OF THE THIRD PRINCIPAL MERIDIAN, IN COOK COUNTY, ILLINOIS.

*See* Subject Mortgage (Ex. B).

4

8.      The Subject Mortgage provides a PIN for the Subject Property as 25-09-129-057-0000. *Id.*

9.      On December 29, 2006, Gina Morrow conveyed to Borrower a warranty deed for certain real property ("Morrow Lot") immediately adjacent to the Subject Property. A true and accurate copy of the Morrow Lot Warranty Deed is attached hereto as Exhibit C.

10.     The Morrow Lot Warranty Deed provides the following legal description for the Morrow Lot:

> The South 8.00 feet of the North 16.00 feet of Lot 5 in V.H. Surghnor's Subdivision of Block 9 to 16 in Odell's Addition to Euclid Park Subdivision of the East ½ of the Northwest ¼ of Section 9, Township 37 North, Range 14, East of the Third Principal Meridian, according to the plat thereof recorded as document number 1541584, in Cook County, Illinois.

11.     Federal Deposit Insurance Corporation, as receiver for Shorebank assigned the Subject Mortgage to Urban Partnership Bank ("UPB") by way of assignment recorded with the Cook County Recorder of Deeds Office on November 7, 2011 as Document No. 1131116051 (the "UPB Assignment").   A true and accurate copy of the UPB Assignment is attached hereto as Exhibit D.

12.     The UPB Assignment identifies the Subject Mortgage as dated December 8, 2006 and recorded March 27, 2007.  *See* UPB Assignment (Ex. D).

13.     The UPB Assignment provides the following legal description for the Subject Property:

> LOT 4 (EXCEPT THE NORTH 8 FEET THEREOF) AND THE NORTH 8 FEET OF LOT 5 IN BLOCK 9 IN ODELL'S ADDITION TO EUCLID PARTK, A SUBDIVISION OF THE EAST ½ OF THE NORTHWEST ¼ OF SECTION 9, TOWNSHIP 37 NORTH, RANGE 14 EAST OF THE THIRD PRINCIPAL MERIDIAN, IN COOK COUNTY, ILLINOIS.

*Id.*

5

14. On November 22, 2011, UPB recorded a notice of *Lis Pendens* and Notice of Foreclosure against the Subject Property with the Cook County Recorder of Deeds as Doc. No. 1132644060 ("*Lis Pendens*") concerning its foreclosure complaint in the Cook County Circuit Court, Case No. 11 CH 40227 ("Foreclosure Action"). A true and accurate copy of the *Lis Pendens* is attached hereto as Exhibit E.

15. The *Lis Pendens* identifies the Subject Mortgage and provides the following legal description for the Subject Property:

LOT 4 (EXCEPT THE NORTH 8 FEET THEREOF) AND THE NORTH 8 FEET OF LOT 5 IN BLOCK 9 IN ODELL'S ADDITION TO EUCLID PARK, A SUBDIVISION OF THE EAST ½ OF THE NORTHWEST ¼ OF SECTION 9, TOWNSHIP 37 NORTH, RANGE 14 EAST OF THE THIRD PRINCIPAL MERIDIAN, IN COOK COUNTY, ILLINOIS.

*See Lis Pendens* (Ex. E).

16. On May 27, 2013, Plaintiff Dylan Reeves ("Plaintiff") filed a voluntary petition for Chapter 13 bankruptcy relief with the United States Bankruptcy Court for the Northern District of Illinois, Case No. 13-21976 ("Bankruptcy Action").

17. The Subject Mortgage was assigned from UPB to MRF IL One, LLC ("MRF One") on or about December 13, 2013 and recorded with the Cook County Recorder of Deeds as Doc No. 1610656052 on April 15, 2016 ("MRF One Assignment"). A true and accurate copy of the MRF ONE Assignment is attached hereto as Exhibit F.

18. MRF One assigned the Subject Mortgage to Kondaur Capital Corporation, as Separate Trustee of Matawin Ventures Trust Series 2015-2 ("Kondaur") on April 15, 2016 and recorded with the Cook County Recorder of Deeds as Doc. No. 1610656053 ("Kondaur Assignment"). A true and accurate copy of the Kondaur Assignment is attached hereto as Exhibit G.

6

19. A search of the grantor/grantee index maintained by the Cook County Recorder of Deeds for "Reeves Dylan" provides a result which includes the Warranty Deed, Subject Mortgage, and the Lis Pendens. *See* Declaration of Coleman J. Braun ("Braun Declaration"), a true and accurate of which is attached hereto as Exhibit H, at ¶ 5; *see also,* Grantor/Grantee Search Results attached to Braun Declaration as Exhibits H-1, H-2, and H-3.

20. MRF One filed a motion for relief from the automatic stay in the Bankruptcy Action concerning the Subject Property on May 2, 2016. *See* Dkt. #68.

21. Subsequently, on May 10, 2016 Kondaur filed an Amended Motion for relief from the automatic stay in the Bankruptcy Action concerning the Subject Property. *See* Dkt. #70.

22. No proof of claim was ever filed concerning the Subject Loan. *See* Claims Register in the Bankruptcy Action, a true and accurate copy of which is attached hereto as Exhibit I.


Dated: November 3, 2016                   Respectfully submitted,

Ralph T. Wutscher                          **KONDAUR CAPITAL CORP.**
Coleman J. Braun
Allan Z. Enriquez
MAURICE WUTSCHER LLP
105 W. Madison Street, 18th Floor
Chicago, Illinois 60602
Tel.  (312) 416-6170
Fax. (312) 284-4751              By:      /s/ Coleman J. Braun
                                          One of Its Attorneys

## Certificate of Service

    Coleman J. Braun, an attorney, certifies that on **November 3, 2016**, he caused the service of a true and correct copy of the foregoing document and any referenced exhibits via ECF on all parties who are Filing Users.

                                                 /s/ Coleman J. Braun

Case 16-00523 Doc 17-1 Filed 11/03/16 Entered 11/03/16 09:25:03 Desc
Statement of Material Facts Page 8 of 8