**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS - EASTERN DIVISION**

| | | |
|---|---|---|
| In re:Dylan Reeves | ) | IN AN ADVERSARY PROCEEDING |
| Debtor(s) | ) | |
| Dylan Reeves | ) | |
| Plaintiff(s) | ) | |
| | ) | Adversary No. 16-00523 |
| vs. | | |
| Kondaur Capital Corp. | ) | |
| Defendant | ) | Judge Janet S. Baer |
| | ) | Re: Ch. 13 Case No. 13-21976 |

NOTICE OF FILING

To the following named persons or entities:   (Separate Service List may be attached)

Dylan Reeves
8737 S. Racine Ave
Chicago, IL 60620
(US Mail and email)

Kondaur Capital Corp.
c/o Coleman J. Braun
Maurice Wutscher LLP
105 W. Madison, 18th Flr.
Chicago, IL 60602
(Via ECF: cbraun@mwbllp.com)

Tom Vaughn, trustee
(Via ECF: courtdocs@tvch13.net)

CERTIFICATE OF SERVICE*

I, Robert J. Adams, an attorney, certify that a copy of this Notice and attached documents   were served upon the above-entitled parties by depositing same in the United States mail* at 901 W Jackson, suite 202, Chicago, Illinois, with sufficient postage prepaid by Robert J. Adams & Associates.

Date of Service:   11/17/2016          Signature:     /s/ Robert J. Adams
                                                                                    Robert J. Adams

   Please take notice that on November 17, 2016, I caused to be served Plaintiff"'s Reply In Support of Motion For Summary Judgment with the U.S. Bankruptcy Court located at 219 S. Dearborn, Chicago, Illinois 60604 with service in the manner described above.

*Where indicated, some parties have been served electronically instead of by mail

**Robert J. Adams & Associates - 901 W Jackson St, Suite 202 Chicago, IL 60607     Phone: 312.346.0100**

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS - EASTERN DIVISION**

| | | |
|---|---|---|
| In re:Dylan Reeves | ) | IN AN ADVERSARY PROCEEDING |
| Debtor(s) | ) | |
| Dylan Reeves | ) | |
| Plaintiff(s) | ) | |
| | ) | Adversary No. 16-00523 |
| vs. | | |
| Kondaur Capital Corp. | ) | |
| Defendant | ) | Judge Janet S. Baer |
| | ) | Re: Ch. 13 Case No. 13-21976 |

## PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

Now Comes Dylan Reeves who replies as follows in support of his Motion For Summary Judgment against Kondaur Capital Corp. Debtor alleges that the confirmed plan provided for avoidance of Kondaur's lien, that the plan is binding, and that Kondaur sat on its rights for 3 years while debtor substantially completed plan payments before Kondaur finally appeared in the bankruptcy case. Kondaur does not contest that the plan's effect is binding because it cannot. Kondaur does not offer an excuse for why it waited 3 years because there is none. Instead, Kondaur offers arguments for why the plan cannot do what it did. Kondaur may have had a persuasive argument were it delivered prior to confirmation, but at this point in the case, the arguments must fail.

The 7th Circuit, among others, holds that a plan's effect is binding. *In re: Harvey*, 213 F.3d 318 (7th Cir. 2000). Kondaur attempts to get around this holding by saying the plan had no preclusive effect and that it was allowed to ignore the plan and bankruptcy proceedings. This argument ignores *Harvey's* admonition that if a creditor fails to timely object to a plan, the creditor's rights may be modified and its lien may be stripped. *Id*. at 322. Debtors, at least to some courts, have the power and standing to exercise the trustee's lien avoidance powers. *Houston v. Eiler*, 305 B.R. 886 (B.A.P. 9th Cir. 2004), which is what was accomplished at confirmation. Any uncertainty in the debtor's standing was erased at confirmation when the plan

became binding. A creditor may be able to rely on its lien for payment, and not present an objection to a plan, when the plan is silent on the treatment of a lien. However, where the plan proposes to modify a secured claim somehow, the creditor is required to object or lose its rights. *In re: Dennis*, 230 B.R. 244, 252 (Bankr. D.N.J. 1999).

The ultimate question here is whether the plan fully extinguished Kondaur's lien at confirmation or whether Kondaur may still contest the facts of the adversary proceeding. The plan provided that Kondaur's predecessor "shall not be paid on any secured proof of claim; lien to be avoided and treated as unsecured." This court normally requires a motion or adversary proceeding, in addition to confirmation, for lien avoidance although some other courts in this District merely allow the plan to accomplish the avoidance. Due process must be afforded to a secured creditor to put it on notice that its rights are to be affected. This court also requires service of motions in compliance with Rule 7004 in order to provide that due process consideration. As discussed in Plaintiff's Memorandum, the plan was served on Kondaur's predecessor, both Shorebank and Urban Partnership Bank as well as on the counsel representing them in a foreclosure at the time of the bankruptcy filing. Due process was afforded, and Kondaur has not tried to argue lack of notice. Oddly, in a motion to modify the automatic stay, Kondaur said it was just waiting to see how a trustee's motion to dismiss would be resolved. Kondaur plainly had notice of the plan, and the filing of this adversary was really a formality.

Both secured and unsecured creditors are now required to file a proof of claim in order to participate in distributions under the plan. *In re: Pajian*, 785 F.3d 1161 (7th Cir. 2015). The Seventh Circuit reiterated that ordinarily a secured creditor can enforce its lien after discharge, but that hardly helps Kondaur here where its lien is being treated as unsecured. The entire purpose of the scheme used in the model plan, at Paragraphs E(3.1) and E(3.2), is to make explicit what claims qualify for secured status. If a creditor does not have an allowed secured claim, it is treated as unsecured. Part of the reason for this scheme was to prevent mortgage

companies from alleging they were owed additional arrears payments after a debtor completed a plan. To allow Kondaur now to say it's still a secured creditor, after explicitly getting unsecured treatment in the plan, would upend all principles of preclusion. It ceased to be a secured creditor at confirmation and no longer has the right to enforce a lien after the completion of the plan.

WHEREFORE Dylan Reeves, the Debtor(s) herein, pray(s) that this Honorable Court enter an Order granting summary judgment to Dylan Reeves and avoiding the mortgage lien of Kondaur Capital Corp. on the property at 9808 S. Normal in Chicago, Illinois.

Respectfully submitted,

 /s/ Robert J. Adams & Associates
Attorney for Dylan Reeves
Robert J. Adams & Associates