# United States Bankruptcy Court, Northern District of Illinois

| JUDGE | Janet S. Baer | Case No. | 13-21976 |
|---|---|---|---|
| DATE | December 8, 2016 | Adversary No. | 16-00523 |
| CASE TITLE | Dylan Reeves v. Kondaur Capital Corp., et al. | | |
| TITLE OF ORDER | Order Denying Plaintiff's Motion for Summary Judgment | | |

## DOCKET ENTRY TEXT

Order Denying Plaintiff's Motion for Summary Judgment (RE: 8 Motion for Summary Judgment).  Hearing Continued (RE: 1 Complaint).  Status hearing scheduled for 1/19/2017 at 10:00 a.m. at 219 South Dearborn, Courtroom 619, Chicago, Illinois 60604.  Defendant's Motion for Summary Judgment due by 12/22/2016.  Plaintiff's Response due by 1/5/2017.

**[For further details see text below.]**

## STATEMENT

The matter before the Court is the Plaintiff-Debtor's motion for summary judgment against the Defendant, Kondaur Capital Corporation ("Kondaur").  For the reasons stated herein, the Debtor's motion will be denied.

On May 27, 2013, the Debtor filed his bankruptcy petition under chapter 13 of the Bankruptcy Code.  The Debtor's chapter 13 plan confirmed on November 7, 2013 purports to treat a number of secured claims as unsecured.  (Adv. No. 16-523, Docket No. 9, Ex. 2, at 3 & 5.)  Relevant to this matter, the confirmed plan provides the following language in section G:

> Urban Partnership Bank (account number 542605) shall not be paid on any secured proof of claim; lien to be avoided and treated as unsecured[.]

(*Id.*, Docket No. 9, Ex. 2, at 5.)  The Debtor did not file a motion to determine the value of Urban Partnership Bank's secured claim or an adversary compliant to avoid this lien before the plan was confirmed.  As such, the Court has not entered an order avoiding the lien.  The Debtor has already completed all payments pursuant to the confirmed plan.

On December 13, 2013, Urban Partnership Bank assigned this mortgage lien (the "Lien") secured by the Debtor's real property located at 9808 S. Normal, Chicago, IL (the "Property") to MRF Illinois One, LLC which, in turn, assigned the Lien to Kondaur on January 28, 2016.[1]  On May 10, 2016 Kondaur filed a motion for relief from stay as to the Property in the Debtor's bankruptcy case.  The Court's decision as to that motion will be addressed in a separate Order.

---

[1] Kondaur holds a first-priority mortgage lien against the Property.  (Answer, Adv. No. 16-523, Docket No. 5, at ¶ 7.)

Thereafter, on August 10, 2016, the Debtor filed the instant adversary proceeding to determine the "validity, priority, or extent" of the Lien, alleging that the Lien insufficiently describes the Property, rendering it unenforceable. (*See id.*, Docket No. 1, at ¶ 17-22.) Kondaur answered the complaint and asserted affirmative defenses on September 9, 2016 to which the Debtor answered on September 26, 2016. After the Debtor filed his motion for summary judgment on October 3, 2016, Kondaur filed its response to the motion and its response to the Debtor's Statement of Material Facts on November 3, 2016. The Debtor filed a reply brief on November 17, 2016.

Summary judgment is appropriate when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a) (made applicable to adversary proceedings by Fed. R. Bankr. P. 7056). On such a motion, the Court must decide, based on the evidence, whether there is a material disputed fact that requires a trial. *Payne v. Pauley*, 337 F.3d 767, 770 (7th Cir. 2003). Here, the salient facts are not in dispute and therefore the Court may resolve the Debtor's motion as a matter of law.

The Debtor argues that Kondaur is bound to the terms of the Debtor's confirmed chapter 13 plan which provides that the Lien will be treated as unsecured and avoided. He contends that the plan's provisions were specific enough to provide Kondaur's predecessor with due process and proper notice that the Debtor sought to avoid the Lien. Therefore, on this basis alone, the Debtor requests that the Court grant summary judgment in his favor and enter an Order avoiding the Lien.

Kondaur, on the other hand, first argues that the Debtor's reliance on the chapter 13 plan to avoid the Lien fails because the confirmed plan does not have any preclusive effect as to the validity or enforceability of the Lien. Kondaur's second argument is that the Debtor does not present any argument in his motion as to the merits of the allegation regarding the insufficiency of the legal description of the Property. Therefore, because the Debtor's argument as to his ability to avoid the Lien is unsupported and without legal merit, Kondaur requests that the Court deny the Debtor's motion and instead grant summary judgment in its favor. The Debtor did not provide any response to Kondaur's second argument in his reply brief.

Kondaur's first argument is well taken. The Order confirming the Debtor's plan, by itself, did not avoid the Lien because a confirmation order does not resolve matters which require litigation such as a determination of the validity of a lien. *See In re Ayre*, 339 B.R. 684, 687 (Bankr. C.D. Ill. 2006). A creditor must be afforded due process where a debtor seeks to avoid its lien. *See* Fed. R. Bankr. P. 3012 & 7001(2); *Piedmont Trust Bank v. Linkous* (*In re Linkous*), 990 F.2d 160, 162-63 (4th Cir. 1993); *Wright v. Commercial Credit Corp.*, 178 B.R. 703, 705 (E.D. Va. 1995) ("Although [a provision within] the Chapter 13 plan filed by the [debtor] put the [creditor] on notice that the debtors[] sought a ruling on the extent of their liens . . . , this notice does not comport with due process"). Specifically, "confirmation . . . cannot have preclusive effect as to the validity of a lien, which must be resolved in an adversary

proceeding as mandated by Fed. R. Bankr. P. 7001(2). *Strong v. United States* (*In re Strong*), 203 B.R. 105, 114 (Bankr. N.D. Ill. 1996) (citations omitted).

Likewise, "if the bankruptcy court never considers the lien, the plan cannot extinguish it." *Harmon v. U.S. ex rel. Farmers Home Admin.*, 101 F.3d 574, 581-82 (8th Cir. 1996) (citations omitted); *Strong*, 203 B.R. at 114 ("Unless the lien avoidance is actually litigated, confirmation has no preclusive effect and does not bind a secured creditor on the scope or validity of its lien"). The Court has not already considered the validity of the Lien.[2]  Moreover, the Debtor has apparently abandoned his theory regarding the insufficiency of the description of the Property in his filings with the Court with respect to his motion for summary judgment.[3]  The Debtor's motion for summary judgment is, therefore, denied. Accordingly, as it stands now, the Lien will pass through the Debtor's chapter 13 case unaffected. *See Palomar v. First Am. Bank*, 722 F.3d 992, 993 (7th Cir. 2013).

Kondaur, however, only made its request for summary judgment within its memorandum in opposition to the Debtor's motion. (*See* Docket Nos. 15 & 17.) Kondaur did not file an actual cross-motion for summary judgment. The Court will not rule on Kondaur's request without affording the Debtor the opportunity to file a response to Kondaur's cross-motion for summary judgment pursuant to Local Rule 7056-2.

Accordingly, the hearing on this adversary proceeding is continued to January 19, 2017 at 10:00 a.m. in Courtroom 619 before The Honorable Donald R. Cassling for status. Kondaur is directed to file a formal motion for summary judgment on or by December 22, 2016. The Debtor's response to that motion must be filed on or by January 5, 2017.

---

[2] To be clear, the language in section G of the Debtor's confirmed plan states that the Debtor intends *in the future* to avoid the Lien. (*See* Adv. No. 16-523, Docket No. 9, Ex. 2, at 5.) This is distinguishable from a case in which a debtor might argue that the language of the confirmed plan suggests that the lien was avoided by operation of the order confirming the plan. *See In re Harvey*, 213 F.3d 318, 319 (7th Cir. 2000). Here, not only is such language absent from the plan, but so too is the basis for the Lien's avoidance. That is not to say that a debtor could not avoid a lien held by a creditor in a proper proceeding. *See In re Fenn*, 428 B.R. 494, 501-502 (Bankr. N.D. Ill. 2010) (explaining that § 1322(b)(2) does not prohibit a junior creditor's wholly unsecured mortgage lien from being avoided). Here, however, the Lien is not avoided because such proceeding was not brought before the Court for consideration when the plan was confirmed.

[3] The complaint alleges that the "[f]ailure to properly list a legal description prevents a recorded mortgage from providing the necessary constructive notice to all other creditors that a lien is held." (Adv. No. 16-523, Docket No. 1, at ¶ 20.) The Court notes, however, that the Debtor does not allege that *reasonable* notice of the lien is not available as to a *bona fide* purchaser. *See Bank of N.Y. Mellon Trust Co., N.A. v. Wittman*, No. 12-C-846, 2013 WL 173801, at *6-9 (E.D. Wis. Jan. 16, 2013) (recording system in Wisconsin is designed to protect bona fide purchasers who exercise "some minimum degree of carefulness," rather than debtor-owners of properties (citations omitted)). Furthermore, the Debtor does not provide in his complaint any basis under Illinois law to avoid the Lien. And the Court need not search for such legal authority on its own. *See United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991) ("Judges are not like pigs, hunting for truffles buried in briefs.")

So ordered.

Date: <u>December 8, 2016</u>

_J.P. Cox_

_____
Hon. Jacqueline P. Cox
United States Bankruptcy Judge