UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: DYLAN REEVES, | ) | Case No. 13-21976 |
| | ) | |
| Debtor, | ) | Chapter 13 |
| | ) | |
| DYLAN REEVES, | ) | Adv. Pro. No. 16-00523 |
| | ) | |
| Plaintiff, | ) | Honorable Janet S. Baer |
| | ) | Judge Presiding |
| v. | ) | |
| | ) | |
| KONDAUR CAPITAL CORP., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**KONDAUR'S MEMORANDUM OF LAW IN SUPPORT OF ITS
MOTION FOR SUMMARY JUDGMENT**

Defendant, Kondaur Capital Corp. ("Kondaur"), by its counsel, submits the following memorandum in support of its Motion for Summary Judgment as to the adversary complaint [Doc. 1] ("Adversary Complaint") filed by the Plaintiff, Dylan Reeves ("Plaintiff").

**Introduction**

Plaintiff's Adversary Complaint seeks to avoid Kondaur's primary lien on certain real property because of an alleged error in the legal description contained in the mortgage securing Kondaur's lien. *See generally,* Adv. Compl. However, the incontrovertible facts demonstrate that Plaintiff's claims to avoid Kondaur's lien are wholly without any legal support or justification.

This matter concerns real property commonly known as 9808 S. Normal, Chicago, IL 60628 ("Subject Property"). On or about, December 8, 2006, Shorebank extended a mortgage loan to Borrower in the original maximum principal amount of $231,300 ("Subject Loan"). The

Subject Loan is secured by a mortgage encumbering the Subject Property recorded with the Cook County Recorder of Deeds on March 27, 2007 as Document No. 0708641088 ("Subject Mortgage").

For his Adversary Complaint, Plaintiff alleges that a purported error in the legal description in the Subject Mortgage for the Subject Property renders the Subject Mortgage unenforceable pursuant to 11 U.S.C. § 502(b)(1) and § 544(b)(1). *See* Adv. Compl., ¶¶ 21-23. Importantly, the only error in the legal description is that the "the Range Number in the mortgage is wrong and should be Range 17 rather than Range 14." *Id.*, at ¶ 17. As alleged by Plaintiff, this minor typographical issue somehow prevents the Subject Mortgage from providing "the necessary constructive notice to all other creditors that a lien is held." *Id.,* at ¶ 20.

Contrary to Plaintiff's allegations, the Subject Mortgage appears in the chain of title for the Subject Property and any *bona fide* purchaser at the time of the filing of the Plaintiff's Bankruptcy Petition would have had constructive notice of that interest.

Notably, the Court has already rejected Plaintiff's arguments presented in his motion for summary judgment that the Subject Mortgage can be avoided based simply upon the confirmation of the chapter 13 plan. *See* Order dated December 8, 2016 [Doc. 20].

Accordingly, the Court should grant Kondaur's Motion for Summary Judgment as to the Plaintiff's Adversary Complaint and determine that Kondaur's lien against the Subject Mortgage is valid and enforceable.

## Statement of Material Facts

Kondaur incorporates herein by reference its concurrently filed Statement of Material Facts ("SOMF") pursuant to Local Rule 7056-1 (A)(2).

**Standard of Review**

Federal Bankruptcy Rule 7056 provides that Rule 56 of the Federal Rules of Civil Procedure applies in adversary proceedings. Under Federal Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986).

A party seeking summary judgment always bears the initial responsibility of informing the court of the basis for its motions, and must identify those portions of the "pleadings, depositions, answers to interrogatories, and affidavits, if any", which it believes demonstrate the absence of a genuine issue of material fact. *Celotex,* 477 U.S. at 323.

On a summary judgment motion, the inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255 (1986). The existence of a material factual dispute is sufficient only if the disputed fact is determinative of the outcome under applicable law. *Anderson,* 477 U.S. at 248.

The nonmoving party must offer more than "[c]onclusory allegations, unsupported by specific facts" in order to establish a genuine issue of material fact. *Payne v. Pauley*, 337 F.3d 767, 773 (7th Cir. 2003). The nonmoving party cannot successfully oppose summary judgment without presenting "definite, competent evidence to rebut the motion." *EEOC v. Sears, Roebuck & Co.*, 233 F.3d 432, 437 (7th Cir. 2000); *Anderson*, 477 U.S. 242 at 256.

**Argument**

I. **Plaintiff's Adversary Complaint is Legally and Factually Meritless.**

Plaintiff's sole argument in the Adversary Complaint is that Sections 502(b)(1) and 544(b)(1) of the Bankruptcy Code permit him to avoid the lien because there is an error in the legal description contained in the Subject Mortgage. *See* Adv. Compl., ¶ 21-23. Plaintiff is incorrect.

As an initial matter, nowhere does Plaintiff dispute or allege – as he in good faith cannot – the fact that he was extended a mortgage loan in the original principal balance of $231,300 secured by a mortgage against the Subject Property. *See* SOMF, ¶¶ 5-6. Further, it is undisputed that Kondaur is now the mortgagee of the Subject Mortgage. *See* SOMF, ¶¶ 6, 11, 17, 18. Thus, the sole issue presented in Plaintiff's Adversary Complaint is apparently whether or not the various alleged deficiencies in the legal description of the Subject Mortgage allows it to be avoided pursuant to Sections 502 and 504.

Section 502(b)(1) of the Bankruptcy Code provides for the general avoidance of claims to the extent that the claim is "unenforceable against the debtor and the property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured." 11 U.S.C. § 502(b)(1). Section 544(b)(1) of the Bankruptcy Code provides that "the trustee may avoid any transfer of an interest of the debtor in property or any obligation incurred by the debtor that is voidable under applicable law by a creditor holding an unsecured claim that is allowable under section 502 of this title." 11 U.S.C. § 544(b)(1).

Quixotically, Plaintiff cites to *In re Thomas*, 387 B.R. 4 (Bankr. N.D. Iowa 2008) for the proposition that a lien is based upon a failure in the legal description to provide constructive notice to other creditors. *See* Adv. Compl., ¶ 20. However, Plaintiff's reliance is misplaced for

4

several reasons, and most glaringly because nowhere in that case are Sections 502(b)(1) or 544(b)(1) even referenced. *See generally, In re Thomas.* Instead, that matter involves a motion brought by a Chapter 7 trustee pursuant to Section 544(a)(3) to avoid a lien pursuant to that provision. *Id. In re Thomas*, does not support any argument that a debtor under a Chapter 13 plan can avoid a lien pursuant to Sections 502(b)(1) or 544(b)(1).

Thus, it is not entirely clear what "agreement or applicable law" Plaintiff contends renders the Subject Mortgage voidable. Nevertheless, assuming that Plaintiff contends that the purported discrepancies in the legal description and parcel identification number ("PIN") in the Subject Mortgage for the Subject Property creates an issue as to the perfection of Kondaur's lien, he is incorrect.

Although not directly relied upon by Plaintiff in his Adversary Complaint, Section 544(a)(3) provides the bankruptcy trustee with the equivalent avoidance powers of a hypothetical *bona fide* purchaser relative to any real property owned by the debtor at the time of the filing of the petition. *In re Vondall,* 364 B.R. 668, 670 (B.A.P. 8th Cir. 2007). This includes the ability to take property free of any liens which are not properly perfected at the time of the filing of the petition. *In re Marlar,* 252 B.R. 743, 752 (B.A.P. 8th Cir. 2000), *aff'd* 267 F.3d 749 (8th Cir. 2001).

Of course the issue for Plaintiff with pursuing a claim under Section 544(a)(3) – or Section 544(b)(1) – is that he does not have standing to assert the rights of the trustee. *See e.g., Bank of N.Y. Mellon Trust Co., N.A. v. Wittman*, Case No. 12-c-846, 2013 U.S. Dist. LEXIS 6603, *5 (E.D. Wis. Jan. 14, 2016). For this reason alone, his claims under the Adversary Complaint fail as a matter of law.

Notwithstanding this failing, and assuming Plaintiff could articulate a theory under which

5

he could pursue an avoidance based upon the rights of a *bona fide* purchaser – which he cannot – his claims would still fail.

Under Illinois law, a mortgage is only valid and enforceable against a bona fide purchaser if such a purchaser would have had constructive notice of the encumbrance. *In re Richardson*, 75 B.R. 601, 604 (Bankr. C.D.Ill. 1987). A bona fide purchaser may have constructive notice through two methods: record notice and inquiry notice. *Brown v. Job*, 433 B.R. 700 (Bankr. N.D.Ill. 2010). Record notice means notice under section 30 of the Illinois Conveyances Act from an instrument duly recorded in the appropriate public office. *See* 765 ILCS 5/30 (2008). Section 30 "imputes to a purchaser knowledge that could be gained from an examination of the **grantor-grantee index** in the office of the Record of Deeds," as well as from court records for the county where the property in question is located. *Job*, 433 BR. at 707-08 ("emphasis added").

A bona fide purchaser has constructive notice through the grantor-grantee index. *Job*, 433 BR. at 707-08*; Wells Fargo Bank, N.A. v. Simpson*, 2015 IL App (1st) 142925, ¶ 56 ("perspective purchaser of an interest in real estate is chargeable with knowledge of what appears in the grantor-grantee index."); *see also Bank of N.Y. Mellon Trust Co., N.A. v. Wittman*, 2013 WL 173801, at * 6-9 (E.D. Wis. Jan. 16, 2013) (same reasoning under Wisconsin law). Notably, Illinois courts have explicitly noted that mere use of a tract index search relying upon the legal description is entirely insufficient for purposes of determining constructive notice. *See Devon Bank v. Miller*, 397 Ill. App. 3d 535, 545, 921 N.E.2d 462, 473 (1st Dist. 2009); *Skidmore, Owings & Merrill v. Pathway Financial,* 173 Ill. App. 3d 512, 515, 527 N.E.2d 1033, 1035 (3d Dist. 1988) ("Recording outside of the grantor-grantee index, as in the tract index, is recording merely for convenience.")

Pursuant to the applicable Illinois law, a bona fide purchaser of the Subject Property is tasked with searching the Cook County, Illinois grantor/grantee index, and would have constructive notice of any liens appearing against the Subject Property found in that index. *Job*, 433 BR. at 707-08. A lien appears within the chain of title sufficient to provide a bona fide purchaser with constructive notice when the lien at issue appears in the grantor/grantee index as of the date the property was transferred to the record owner. *See e.g., Branch Banking & Trust Co. v. Olsen*, Case No. 14-cv-50027, 2014 U.S. Dist. LEXIS 70078, *4-6 (N.D. Ill. May 22, 2014).

Here, a search under the grantor/grantee index under the Plaintiff's name with the online database maintained by the Cook County Recorder of Deeds and publically available provides notice of the Subject Mortgage recorded against the Subject Property. *See* SOMF ¶ 25; *Hardaway v. CIT Group/Consumer Fin. Inc.,* 836 F. Supp. 2d 677, 866 (N.D. Ill. 2011) (taking judicial notice of "documents available to the public via the Cook County Recorder of Deeds website."). The Subject Mortgage appears in the search subsequent to the Warranty Deed which conveyed the Subject Property to the Plaintiff. *See* SOMF ¶ 19; Grantor/Grantee Search Results (Exs. H-1, H-2, H-3 to SOMF and Braun Declaration). Thus, any *bona fide* purchaser would have constructive notice of the Subject Mortgage.

Consequently, a bona fide purchaser – or in this case, the Plaintiff – may not avoid the Subject Mortgage based upon the purported errors in the legal description and PIN. *In re Vondall,* 364 B.R. at 670; *In re Marlar,* 252 B.R. at 752.

Plaintiff makes a great deal about the various range numbers and PINs assigned to the Subject Property. However, these issues are completely irrelevant under the applicable Illinois law. *See Miller*, 397 Ill. App. 3d at 545. The only relevant search for purposes of establishing

constructive notice of a recorded lien is the grantor/grantee index search provided for under 765 ILCS 5/30. *Id.*

Moreover, courts faced with similar arguments pertaining to discrepancies in the legal description where – as here – the mortgage provides corroborating indicia in the document as to the property being referenced have determined that reasonable notice of the lien was provided. *See e.g., Wittman*, 2013 U.S. Dist. LEXIS at *23-24 (determining that mortgage found in grantor/grantee record was sufficient to place subsequent purchasers on notice despite errors in the legal description); *Wenzel v. Green Tree Servicing,* 554 B.R. 861, 866 (Bankr. W.D. Wis. 2016) (determining that trustee had no authority to avoid mortgage which appeared in grantor/grantee index despite the complete lack of legal description); *Hamilton v. Washington Mut. Bank Fa*, 563 F.3d 1171, 1183 (10th Cir. 2009) (determining that trustee could not use strong-arm powers to avoid mortgage with incorrect legal description).

Here, the Subject Mortgage correctly indicates the Plaintiff's name, provides the correct common address of the Subject Property, and provides the same PIN provided for in the Warranty Deed which conveyed the Subject Property to Plaintiff. *See* SOMF, ¶¶ 2-4, 7-8; *see also,* Warranty Deed (Ex. A to SOMF); Subject Mortgage (Ex. B to SOMF). Additionally, the legal description provided in the Subject Mortgage is nearly identical to the legal description in the Warranty Deed except for the discrepancy as to the range number. *See* SOMF, ¶¶ 3, 7. Moreover, a party searching the grantor/grantee index would also be made aware of the lis pendens notice ("Lis Pendens") filed by Urban Partnership Bank ("UPB") as to its foreclosure complaint against the Subject Property and Subject Mortgage which appears in the chain of title. *See* SOMF, ¶¶ 14-15, 19. Notably, the Lis Pendens references the Subject Mortgage and provides the correct legal description, and also notes the PIN which Plaintiff asserts is the correct

one. *See* SOMF, ¶¶ 14-15. 19; Lis Pendens (Ex. E to SOMF). The sum total of all these indicia is that any reasonable party would be placed on constructive notice of the Subject Mortgage recording Kondaur's interest against the Subject Property.

As noted above, Plaintiff's reliance upon *In re Thomas* in his Adversary Complaint is misplaced as it is factually and legally distinguishable. First, the legal description at issue in that case was not merely a minor defect, such as the one at hand, but in fact, the legal description provided the complete description for an entirely different property. *See In re Thomas*, 387 B.R. 4, at *7. In highlighting the difference between the major discrepancy in the legal description at hand and the more run-of-the-mill typographical issue, the court in *In re Thomas* stated that "[i]f the defects are minor, courts generally have held that the property is sufficiently described so that a third party would be put on notice to make further inquiry." *Id.*, at *10. Second, the court in *In re Thomas* was applying Iowa state law concerning the recording of liens which is materially different from the above cited law in Illinois. As stated by that court, under Iowa law the "most critical element in the recordation process is the accuracy of the legal description" because it is "through the description that the property is indexed." *Id.* at 9. However, in Illinois liens are noted by the county through the grantor/grantee index and Illinois courts have explicitly determined that under Illinois' recording regime the tract index – as used in Iowa – is irrelevant. *See Devon Bank,* 921 N.E.2d at 473 ("The tract index is an unofficial index, upon which a party conducting a title search should never rely."); *Skidmore, Owings & Merrill,* 527 N.E.2d at 1035 ("Recording outside of the grantor-grantee index, as in the tract index, is recording merely for convenience.") Accordingly, the *In re Thomas* case relied upon by Plaintiff in his Adversary Complaint is wholly inapposite.

For all of these reasons, the entire premise for the Plaintiff's theory on his ability to avoid

the Subject Mortgage is without any legal merit and not supported by the incontrovertible facts.

Accordingly, the Court should grant Kondaur's Motion for Summary Judgment as to the Adversary Complaint.

WHEREFORE, Kondaur respectfully requests that this court grant its Motion for Summary Judgment, enter judgment in Kondaur's favor and against Plaintiff as to the Plaintiff's Adversary Complaint and provide such further and additional relief as the Court determines is necessary and appropriate.

Dated:  December 22, 2016                    Respectfully submitted,

Ralph T. Wutscher                            **KONDAUR CAPITAL CORP.**
Coleman J. Braun
Allan Z. Enriquez
MAURICE WUTSCHER LLP
105 W. Madison Street, 18th Floor
Chicago, Illinois 60602
Tel.  (312) 416-6170                         By:    /s/ Coleman J. Braun
Fax. (312) 284-4751                                 One of Its Attorneys

### Certificate of Service

Coleman J. Braun, an attorney, certifies that on **December 22, 2016**, he caused the service of a true and correct copy of the foregoing document and any referenced exhibits via ECF on all parties who are Filing Users.

  /s/ Coleman J. Braun

10