# EXHIBIT A

**WARRANTY DEED**
**STATE OF ILLINOIS**
**COUNTY OF COOK**

THE GRANTOR, Willie D. Maxie, of the County
of Cook, State of Illinois for and in consideration of
TEN AND NO/100 DOLLARS ($10.00) and other
good and valuable consideration in hand paid,
CONVEYS and Warrant to Dylan Reeves of
8737 S. Racine; Chicago, IL 60620.
The following described Real Estate situated in the
County of Cook in the State of Illinois, to wit:



Doc#: 0520344052
Eugene "Gene" Moore   Fee: $28.50
Cook County Recorder of Deeds
Date: 07/22/2005 12:53 PM  Pg: 1 of 2

(Recorder's Use Only)

LOT 4 (EXCEPT THE NORTH 8 FEET THEREOF) AND THE NORTH 8 FEET OF LOT 5
IN BLOCK 9 IN ODELL'S ADDITION TO EUCLID PARK, AS SUBDIVISION OF THE
EAST ½ OF THE NOTHWEST 1/4 OF SECTION 9, TOWNSHIP 37 NORTH, RANGE 14,
EAST OF THE THIRD PRINCIPAL MERIDIAN, IN COOK COUNTY, ILLINOIS.

Permanent Index Number (PIN): 25-09-129-057-0000

Commonly Known As. 9808 S. Normal; Chicago, IL 60628

Dated this 20th day of August, 2000

(x) _Willie D Maxie_

State of _ILLINOIS_ . County of _COOK_ )SS.

I, the undersigned, a Notary Public in and
for said County, in the State aforesaid, DO
HEREBY CERTIFY that Willie D. Maxie,
personally known to me to be the same
person(s) whose name is subscribed to the
foregoing instrument, appeared before me
this day in person, and acknowledged that
they signed, sealed and delivered the said
instrument as there free and voluntary act,
for the uses and purposes therein set forth
including the release and waiver of the right
of homestead.

Given under my hand and official seal, this _20_ day of _August_ . 200_O_

Commission expires _August 14, 2001_

_Janice Palmer_
NOTARY PUBLIC

OFFICIAL SEAL
JANICE PALMER
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 8-14-2001

This instrument was prepared by Willie Maxie: 9808 S. Normal; Chicago, IL 60628.
After Recording Mail To: Dylan Reeves; 8737 S. Racine; Chicago, IL 60620.
Subsequent Tax Bill To: Dylan Reeves; 8737 S. Racine; Chicago, IL 60620.

## STATEMENT BY GRANTOR AND GRANTEE

THE GRANTOR OR HIS AGENT AFFIRMS THAT, TO THE BEST OF HIS KNOWLEDGE, THE NAME OF THE GRANTEE SHOWN ON THE DEED OR ASSIGNMENT OF BENEFICIAL INTEREST IN A LAND TRUST IS EITHER A NATURAL PERSON, AN ILLINOIS CORPORATION OR FOREIGN CORPORATION AUTHORIZED TO DO BUSINESS OR ACQUIRE AND HOLD TITLE TO REAL ESTATE IN ILLINOIS, A PARTNERSHIP AUTHORIZED TO DO BUSINESS OR ACQUIRE AND HOLD TITLE TO REAL ESTATE IN ILLINOIS, OR OTHER ENTITY RECOGNIZED AS A PERSON AND AUTHORIZED TO DO BUSINESS OR ACQUIRE TITLE TO REAL ESTATE UNDER THE LAWS OF THE STATE OF ILLINOIS.

DATE August 20, 2000  SIGNATURE _____
                                                GRANTOR OR AGENT

Subscribed and sworn to before
Me by the said_____
This 20th day of August,
20 00.
Notary Public _____

OFFICIAL SEAL
JANICE PALMER
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 8-14-2001

THE GRANTEE OR HIS AGENT AFFIRMS AND VERIFIES THAT THE NAME OF THE GRANTEE SHOWN ON THE DEED OR ASSIGNMENT OF BENEFICIAL INTEREST IN A LAND TRUST IS EITHER A NATURAL PERSON, AN ILLINOIS CORPORATION OR FOREIGN CORPORATION AUTHORIZED TO DO BUSINESS OR ACQUIRE AND HOLD TITLE TO REAL ESTATE IN ILLINOIS, A PARTNERSHIP AUTHORIZED TO DO BUSINESS OR ACQUIRE AND HOLD TITLE TO REAL ESTATE IN ILLINOIS, OR OTHER ENTITY RECOGNIZED AS A PERSON AND AUTHORIZED TO DO BUSINESS OR ACQUIRE TITLE TO REAL ESTATE UNDER THE LAWS OF THE STATE OF ILLINOIS.

DATE August 20, 2000  SIGNATURE _____
                                                GRANTOR OR AGENT
                                                GRANTEE

Subscribed and sworn to before
Me by the said_____
This 20th day of August,
20 00.
Notary Public _____

OFFICIAL SEAL
JANICE PALMER
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 8-14-2001

NOTE: ANY PERSON WHO KNOWINGLY SUBMITS A FALSE STATEMENT CONCERNING THE IDENTITY OF A GRANTEE SHALL BE GUILTY OF A CLASS C MISDEMEANOR FOR THE FIRST OFFENSE AND OF A CLASS A MISDEMEANOR FOR SUBSEQUENT OFFENSES.

(ATACH TO DEED OR ABI TO BE RECORDED IN COOK COUNTY, ILLINOIS, IF EXEMPT UNDER THE PROVISIONS OF SECTION 4 OF THE ILLINOIS REAL ESTATE TRANSFER TAX ACT.)

# EXHIBIT B

Doc#:  0708641088 Fee: $48.00
Eugene "Gene" Moore RHSP Fee:$10.00
Cook County Recorder of Deeds
Date: 03/27/2007 02:56 PM Pg: 1 of 13

**WHEN RECORDED MAIL TO:**
ShoreBank
7054 South Jeffery Blvd.
Chicago, IL  60649

---

**FOR RECORDER'S USE ONLY**

Synergy 108650

This Mortgage prepared by:
**BRENDA ANDERSON-BANKS**
**ShoreBank**
**7054 South Jeffery Blvd.**
**Chicago, IL 60649**

SYNERGY TITLE SERVICES LLC
730 W. RANDOLPH
SUITE 300
CHICAGO, IL 60661
312.334.9000

---

# MORTGAGE

**MAXIMUM LIEN.  At no time shall the principal amount of Indebtedness secured by the Mortgage, not including sums advanced to protect the security of the Mortgage, exceed $231,300.00.**

**THIS MORTGAGE dated December 8, 2006, is made and executed between DYLAN   REEVES, AN UNMARRIED MAN. (referred to below as "Grantor") and ShoreBank, whose address is 7054 South Jeffery Blvd., Chicago, IL  60649 (referred to below as "Lender").**

**GRANT OF MORTGAGE.  For valuable consideration, Grantor** mortgages, warrants, and conveys to Lender all of Grantor's right, title, and interest in and to the following described real property, together with all existing or subsequently erected or affixed buildings, improvements and fixtures; all easements, rights of way, and appurtenances; all water, water rights, watercourses and ditch rights (including stock in utilities with ditch or irrigation rights); and all other rights, royalties, and profits relating to the real property, including without limitation all minerals, oil, gas, geothermal and similar matters, **(the "Real Property") located in COOK County, State of Illinois:**

> **LOT 4 (EXCEPT THE NORTH 8 FEET THEREOF) AND THE NORTH 8 FEET OF LOT 5 IN BLOCK 9 IN ODELL'S ADDITION TO EUCLID PARK, AS SUBDIVISION OF THE EAST 1/2 OF THE NORTHWEST 1/4 OF SECTION 9, TOWNSHIP 37 NORTH, RANGE 17, EAST OF THE THIRD PRINCIPAL MERIDIAN, IN COOK COUNTY, ILLINOIS.**

**The Real Property or its address is commonly known as  9808 S. NORMAL, CHICAGO, IL  60628.  The Real Property tax identification number is 25-09-129-057-0000.**

Grantor presently assigns to Lender all of Grantor's right, title, and interest in and to all present and future leases of the Property and all Rents from the Property.  In addition, Grantor grants to Lender a Uniform Commercial Code security interest in the Personal Property and Rents.

**THIS MORTGAGE, INCLUDING THE ASSIGNMENT OF RENTS AND THE SECURITY INTEREST IN THE RENTS AND PERSONAL PROPERTY, IS GIVEN TO SECURE  (A)  PAYMENT OF THE INDEBTEDNESS AND  (B) PERFORMANCE OF ANY AND ALL OBLIGATIONS UNDER THE NOTE, THE RELATED DOCUMENTS, AND**

**MORTGAGE**

**Loan No:** ▉▉▉▉         **(Continued)**         **Page 2**

THIS MORTGAGE. **THIS MORTGAGE IS INTENDED TO AND SHALL BE VALID AND HAVE PRIORITY OVER ALL SUBSEQUENT LIENS AND ENCUMBRANCES, INCLUDING STATUTORY LIENS, EXCEPTING SOLELY TAXES AND ASSESSMENTS LEVIED ON THE REAL PROPERTY, TO THE EXTENT OF THE MAXIMUM AMOUNT SECURED HEREBY. THIS MORTGAGE IS GIVEN AND ACCEPTED ON THE FOLLOWING TERMS:**

**PAYMENT AND PERFORMANCE.** Except as otherwise provided in this Mortgage, Grantor shall pay to Lender all amounts secured by this Mortgage as they become due and shall strictly perform all of Grantor's obligations under this Mortgage.

**POSSESSION AND MAINTENANCE OF THE PROPERTY.** Grantor agrees that Grantor's possession and use of the Property shall be governed by the following provisions:

**Possession and Use.** Until the occurrence of an Event of Default, Grantor may (1) remain in possession and control of the Property; (2) use, operate or manage the Property; and (3) collect the Rents from the Property.

**Duty to Maintain.** Grantor shall maintain the Property in good condition and promptly perform all repairs, replacements, and maintenance necessary to preserve its value.

**Compliance With Environmental Laws.** Grantor represents and warrants to Lender that: (1) During the period of Grantor's ownership of the Property, there has been no use, generation, manufacture, storage, treatment, disposal, release or threatened release of any Hazardous Substance by any person on, under, about or from the Property; (2) Grantor has no knowledge of, or reason to believe that there has been, except as previously disclosed to and acknowledged by Lender in writing, (a) any breach or violation of any Environmental Laws, (b) any use, generation, manufacture, storage, treatment, disposal, release or threatened release of any Hazardous Substance on, under, about or from the Property by any prior owners or occupants of the Property, or (c) any actual or threatened litigation or claims of any kind by any person relating to such matters; and (3) Except as previously disclosed to and acknowledged by Lender in writing, (a) neither Grantor nor any tenant, contractor, agent or other authorized user of the Property shall use, generate, manufacture, store, treat, dispose of or release any Hazardous Substance on, under, about or from the Property; and (b) any such activity shall be conducted in compliance with all applicable federal, state, and local laws, regulations and ordinances, including without limitation all Environmental Laws. Grantor authorizes Lender and its agents to enter upon the Property to make such inspections and tests, at Grantor's expense, as Lender may deem appropriate to determine compliance of the Property with this section of the Mortgage. Any inspections or tests made by Lender shall be for Lender's purposes only and shall not be construed to create any responsibility or liability on the part of Lender to Grantor or to any other person. The representations and warranties contained herein are based on Grantor's due diligence in investigating the Property for Hazardous Substances. Grantor hereby (1) releases and waives any future claims against Lender for indemnity or contribution in the event Grantor becomes liable for cleanup or other costs under any such laws; and (2) agrees to indemnify, defend, and hold harmless Lender against any and all claims, losses, liabilities, damages, penalties, and expenses which Lender may directly or indirectly sustain or suffer resulting from a breach of this section of the Mortgage or as a consequence of any use, generation, manufacture, storage, disposal, release or threatened release occurring prior to Grantor's ownership or interest in the Property, whether or not the same was or should have been known to Grantor. The provisions of this section of the Mortgage, including the obligation to indemnify and defend, shall survive the payment of the Indebtedness and the satisfaction and reconveyance of the lien of this Mortgage and shall not be affected by Lender's acquisition of any interest in the Property, whether by foreclosure or otherwise.

**Nuisance, Waste.** Grantor shall not cause, conduct or permit any nuisance nor commit, permit, or suffer any stripping of or waste on or to the Property or any portion of the Property. Without limiting the generality of the foregoing, Grantor will not remove, or grant to any other party the right to remove, any timber, minerals (including oil and gas), coal, clay, scoria, soil, gravel or rock products without Lender's prior written consent.

**Removal of Improvements.** Grantor shall not demolish or remove any Improvements from the Real Property without Lender's prior written consent. As a condition to the removal of any Improvements, Lender may require Grantor to make arrangements satisfactory to Lender to replace such Improvements with

**MORTGAGE**

Loan No: █████████    **(Continued)**    Page 3

═══════════════════════════════════════════════════════════════════════════

Improvements of at least equal value.

**Lender's Right to Enter.** Lender and Lender's agents and representatives may enter upon the Real Property at all reasonable times to attend to Lender's interests and to inspect the Real Property for purposes of Grantor's compliance with the terms and conditions of this Mortgage.

**Compliance with Governmental Requirements.** Grantor shall promptly comply with all laws, ordinances, and regulations, now or hereafter in effect, of all governmental authorities applicable to the use or occupancy of the Property. Grantor may contest in good faith any such law, ordinance, or regulation and withhold compliance during any proceeding, including appropriate appeals, so long as Grantor has notified Lender in writing prior to doing so and so long as, in Lender's sole opinion, Lender's interests in the Property are not jeopardized. Lender may require Grantor to post adequate security or a surety bond, reasonably satisfactory to Lender, to protect Lender's interest.

**Duty to Protect.** Grantor agrees neither to abandon or leave unattended the Property. Grantor shall do all other acts, in addition to those acts set forth above in this section, which from the character and use of the Property are reasonably necessary to protect and preserve the Property.

**DUE ON SALE - CONSENT BY LENDER.** Lender may, at Lender's option, declare immediately due and payable all sums secured by this Mortgage upon the sale or transfer, without Lender's prior written consent, of all or any part of the Real Property, or any interest in the Real Property. A "sale or transfer" means the conveyance of Real Property or any right, title or interest in the Real Property; whether legal, beneficial or equitable; whether voluntary or involuntary; whether by outright sale, deed, installment sale contract, land contract, contract for deed, leasehold interest with a term greater than three (3) years, lease-option contract, or by sale, assignment, or transfer of any beneficial interest in or to any land trust holding title to the Real Property, or by any other method of conveyance of an interest in the Real Property. However, this option shall not be exercised by Lender if such exercise is prohibited by federal law or by Illinois law.

**TAXES AND LIENS.** The following provisions relating to the taxes and liens on the Property are part of this Mortgage:

**Payment.** Grantor shall pay when due (and in all events prior to delinquency) all taxes, payroll taxes, special taxes, assessments, water charges and sewer service charges levied against or on account of the Property, and shall pay when due all claims for work done on or for services rendered or material furnished to the Property. Grantor shall maintain the Property free of any liens having priority over or equal to the interest of Lender under this Mortgage, except for those liens specifically agreed to in writing by Lender, and except for the lien of taxes and assessments not due as further specified in the Right to Contest paragraph.

**Right to Contest.** Grantor may withhold payment of any tax, assessment, or claim in connection with a good faith dispute over the obligation to pay, so long as Lender's interest in the Property is not jeopardized. If a lien arises or is filed as a result of nonpayment, Grantor shall within fifteen (15) days after the lien arises or, if a lien is filed, within fifteen (15) days after Grantor has notice of the filing, secure the discharge of the lien, or if requested by Lender, deposit with Lender cash or a sufficient corporate surety bond or other security satisfactory to Lender in an amount sufficient to discharge the lien plus any costs and attorneys' fees, or other charges that could accrue as a result of a foreclosure or sale under the lien. In any contest, Grantor shall defend itself and Lender and shall satisfy any adverse judgment before enforcement against the Property. Grantor shall name Lender as an additional obligee under any surety bond furnished in the contest proceedings.

**Evidence of Payment.** Grantor shall upon demand furnish to Lender satisfactory evidence of payment of the taxes or assessments and shall authorize the appropriate governmental official to deliver to Lender at any time a written statement of the taxes and assessments against the Property.

**Notice of Construction.** Grantor shall notify Lender at least fifteen (15) days before any work is commenced, any services are furnished, or any materials are supplied to the Property, if any mechanic's lien, materialmen's lien, or other lien could be asserted on account of the work, services, or materials. Grantor will upon request of Lender furnish to Lender advance assurances satisfactory to Lender that Grantor can

**MORTGAGE**

Loan No:███████                    **(Continued)**                    **Page 4**

---

and will pay the cost of such improvements.

**PROPERTY DAMAGE INSURANCE.** The following provisions relating to insuring the Property are a part of this Mortgage:

**Maintenance of Insurance.** Grantor shall procure and maintain policies of fire insurance with standard extended coverage endorsements on a replacement basis for the full insurable value covering all Improvements on the Real Property in an amount sufficient to avoid application of any coinsurance clause, and with a standard mortgagee clause in favor of Lender. Policies shall be written by such insurance companies and in such form as may be reasonably acceptable to Lender. Grantor shall deliver to Lender certificates of coverage from each insurer containing a stipulation that coverage will not be cancelled or diminished without a minimum of ten (10) days' prior written notice to Lender and not containing any disclaimer of the insurer's liability for failure to give such notice. Each insurance policy also shall include an endorsement providing that coverage in favor of Lender will not be impaired in any way by any act, omission or default of Grantor or any other person. Should the Real Property be located in an area designated by the Director of the Federal Emergency Management Agency as a special flood hazard area, Grantor agrees to obtain and maintain Federal Flood Insurance, if available, for the full unpaid principal balance of the loan and any prior liens on the property securing the loan, up to the maximum policy limits set under the National Flood Insurance Program, or as otherwise required by Lender, and to maintain such insurance for the term of the loan.

**Application of Proceeds.** Grantor shall promptly notify Lender of any loss or damage to the Property. Lender may make proof of loss if Grantor fails to do so within fifteen (15) days of the casualty. Whether or not Lender's security is impaired, Lender may, at Lender's election, receive and retain the proceeds of any insurance and apply the proceeds to the reduction of the Indebtedness, payment of any lien affecting the Property, or the restoration and repair of the Property. If Lender elects to apply the proceeds to restoration and repair, Grantor shall repair or replace the damaged or destroyed Improvements in a manner satisfactory to Lender. Lender shall, upon satisfactory proof of such expenditure, pay or reimburse Grantor from the proceeds for the reasonable cost of repair or restoration if Grantor is not in default under this Mortgage. Any proceeds which have not been disbursed within 180 days after their receipt and which Lender has not committed to the repair or restoration of the Property shall be used first to pay any amount owing to Lender under this Mortgage, then to pay accrued interest, and the remainder, if any, shall be applied to the principal balance of the Indebtedness. If Lender holds any proceeds after payment in full of the Indebtedness, such proceeds shall be paid to Grantor as Grantor's interests may appear.

**TAX AND INSURANCE RESERVES.** Grantor agrees to establish a reserve account to be retained from the loans proceeds in such amount deemed to be sufficient by Lender and shall pay monthly into that reserve account an amount equivalent to 1/12 of the annual real estate taxes and insurance premiums, as estimated by Lender, so as to provide sufficient funds for the payment of each year's taxes and insurance premiums one month prior to the date the taxes and insurance premiums become delinquent. Grantor shall further pay a monthly pro-rata share of all assessments and other charges which may accrue against the Property. All such payments shall be carried in an interest-free reserve account with Lender, provided that if this Mortgage is executed in connection with the granting of a mortgage on a single-family owner-occupied residential property, Grantor, in lieu of establishing such reserve account, may pledge an interest-bearing savings account with Lender to secure the payment of estimated taxes, insurance premiums, assessments, and other charges. Lender shall have the right to draw upon the reserve (or pledge) account to pay such items, and Lender shall not be required to determine the validity or accuracy of any item before paying it. Nothing in the Mortgage shall be construed as requiring Lender to advance other monies for such purposes, and Lender shall not incur any liability for anything it may do or omit to do with respect to the reserve account. Subject to any limitations set by applicable law, if the amount so estimated and paid shall prove to be insufficient to pay such taxes, insurance premiums, assessments and other charges, Grantor shall pay the difference as required by Lender. All amounts in the reserve account are hereby pledged to further secure the Indebtedness, and Lender is hereby authorized to withdraw and apply such amounts on the Indebtedness upon the occurrence of an Event of Default as described below.

**LENDER'S EXPENDITURES.** If Grantor fails (A) to keep the Property free of all taxes, liens, security interests,

**MORTGAGE**
**(Continued)**

Loan No: ▉▉▉▉▉                                                                                    Page 5

encumbrances, and other claims, (B) to provide any required insurance on the Property, or (C) to make repairs to the Property then Lender may do so. If any action or proceeding is commenced that would materially affect Lender's interests in the Property, then Lender on Grantor's behalf may, but is not required to, take any action that Lender believes to be appropriate to protect Lender's interests. All expenses incurred or paid by Lender for such purposes will then bear interest at the rate charged under the Note from the date incurred or paid by Lender to the date of repayment by Grantor. All such expenses will become a part of the Indebtedness and, at Lender's option, will (A) be payable on demand; (B) be added to the balance of the Note and be apportioned among and be payable with any installment payments to become due during either (1) the term of any applicable insurance policy; or (2) the remaining term of the Note; or (C) be treated as a balloon payment which will be due and payable at the Note's maturity. The Mortgage also will secure payment of these amounts. The rights provided for in this paragraph shall be in addition to any other rights or any remedies to which Lender may be entitled on account of any default. Any such action by Lender shall not be construed as curing the default so as to bar Lender from any remedy that it otherwise would have had.

**WARRANTY; DEFENSE OF TITLE.** The following provisions relating to ownership of the Property are a part of this Mortgage:

**Title.** Grantor warrants that: (a) Grantor holds good and marketable title of record to the Property in fee simple, free and clear of all liens and encumbrances other than those set forth in the Real Property description or in any title insurance policy, title report, or final title opinion issued in favor of, and accepted by, Lender in connection with this Mortgage, and (b) Grantor has the full right, power, and authority to execute and deliver this Mortgage to Lender.

**Defense of Title.** Subject to the exception in the paragraph above, Grantor warrants and will forever defend the title to the Property against the lawful claims of all persons. In the event any action or proceeding is commenced that questions Grantor's title or the interest of Lender under this Mortgage, Grantor shall defend the action at Grantor's expense. Grantor may be the nominal party in such proceeding, but Lender shall be entitled to participate in the proceeding and to be represented in the proceeding by counsel of Lender's own choice, and Grantor will deliver, or cause to be delivered, to Lender such instruments as Lender may request from time to time to permit such participation.

**Compliance With Laws.** Grantor warrants that the Property and Grantor's use of the Property complies with all existing applicable laws, ordinances, and regulations of governmental authorities.

**Survival of Promises.** All promises, agreements, and statements Grantor has made in this Mortgage shall survive the execution and delivery of this Mortgage, shall be continuing in nature and shall remain in full force and effect until such time as Grantor's Indebtedness is paid in full.

**CONDEMNATION.** The following provisions relating to condemnation proceedings are a part of this Mortgage:

**Proceedings.** If any proceeding in condemnation is filed, Grantor shall promptly notify Lender in writing, and Grantor shall promptly take such steps as may be necessary to defend the action and obtain the award. Grantor may be the nominal party in such proceeding, but Lender shall be entitled to participate in the proceeding and to be represented in the proceeding by counsel of its own choice, and Grantor will deliver or cause to be delivered to Lender such instruments and documentation as may be requested by Lender from time to time to permit such participation.

**Application of Net Proceeds.** If all or any part of the Property is condemned by eminent domain proceedings or by any proceeding or purchase in lieu of condemnation, Lender may at its election require that all or any portion of the net proceeds of the award be applied to the Indebtedness or the repair or restoration of the Property. The net proceeds of the award shall mean the award after payment of all reasonable costs, expenses, and attorneys' fees incurred by Lender in connection with the condemnation.

**IMPOSITION OF TAXES, FEES AND CHARGES BY GOVERNMENTAL AUTHORITIES.** The following provisions relating to governmental taxes, fees and charges are a part of this Mortgage:

**Current Taxes, Fees and Charges.** Upon request by Lender, Grantor shall execute such documents in addition to this Mortgage and take whatever other action is requested by Lender to perfect and continue

0708641088 Page: 6 of 13

Case 16-00523    Doc 22-3    Filed 12/22/16    Entered 12/22/16 10:56:44    Desc Exhibit
to SOMF    Page 10 of 50

**MORTGAGE**
**(Continued)**

Loan No: [REDACTED]                                                                     **Page 6**

Lender's lien on the Real Property. Grantor shall reimburse Lender for all taxes, as described below, together with all expenses incurred in recording, perfecting or continuing this Mortgage, including without limitation all taxes, fees, documentary stamps, and other charges for recording or registering this Mortgage.

**Taxes.** The following shall constitute taxes to which this section applies: (1) a specific tax upon this type of Mortgage or upon all or any part of the Indebtedness secured by this Mortgage; (2) a specific tax on Grantor which Grantor is authorized or required to deduct from payments on the Indebtedness secured by this type of Mortgage; (3) a tax on this type of Mortgage chargeable against the Lender or the holder of the Note; and (4) a specific tax on all or any portion of the Indebtedness or on payments of principal and interest made by Grantor.

**Subsequent Taxes.** If any tax to which this section applies is enacted subsequent to the date of this Mortgage, this event shall have the same effect as an Event of Default, and Lender may exercise any or all of its available remedies for an Event of Default as provided below unless Grantor either (1) pays the tax before it becomes delinquent, or (2) contests the tax as provided above in the Taxes and Liens section and deposits with Lender cash or a sufficient corporate surety bond or other security satisfactory to Lender.

**SECURITY AGREEMENT; FINANCING STATEMENTS.** The following provisions relating to this Mortgage as a security agreement are a part of this Mortgage:

**Security Agreement.** This instrument shall constitute a Security Agreement to the extent any of the Property constitutes fixtures, and Lender shall have all of the rights of a secured party under the Uniform Commercial Code as amended from time to time.

**Security Interest.** Upon request by Lender, Grantor shall take whatever action is requested by Lender to perfect and continue Lender's security interest in the Personal Property. In addition to recording this Mortgage in the real property records, Lender may, at any time and without further authorization from Grantor, file executed counterparts, copies or reproductions of this Mortgage as a financing statement. Grantor shall reimburse Lender for all expenses incurred in perfecting or continuing this security interest. Upon default, Grantor shall not remove, sever or detach the Personal Property from the Property. Upon default, Grantor shall assemble any Personal Property not affixed to the Property in a manner and at a place reasonably convenient to Grantor and Lender and make it available to Lender within three (3) days after receipt of written demand from Lender to the extent permitted by applicable law.

**Addresses.** The mailing addresses of Grantor (debtor) and Lender (secured party) from which information concerning the security interest granted by this Mortgage may be obtained (each as required by the Uniform Commercial Code) are as stated on the first page of this Mortgage.

**FURTHER ASSURANCES; ATTORNEY-IN-FACT.** The following provisions relating to further assurances and attorney-in-fact are a part of this Mortgage:

**Further Assurances.** At any time, and from time to time, upon request of Lender, Grantor will make, execute and deliver, or will cause to be made, executed or delivered, to Lender or to Lender's designee, and when requested by Lender, cause to be filed, recorded, refiled, or rerecorded, as the case may be, at such times and in such offices and places as Lender may deem appropriate, any and all such mortgages, deeds of trust, security deeds, security agreements, financing statements, continuation statements, instruments of further assurance, certificates, and other documents as may, in the sole opinion of Lender, be necessary or desirable in order to effectuate, complete, perfect, continue, or preserve (1) Grantor's obligations under the Note, this Mortgage, and the Related Documents, and (2) the liens and security interests created by this Mortgage as first and prior liens on the Property, whether now owned or hereafter acquired by Grantor. Unless prohibited by law or Lender agrees to the contrary in writing, Grantor shall reimburse Lender for all costs and expenses incurred in connection with the matters referred to in this paragraph.

**Attorney-in-Fact.** If Grantor fails to do any of the things referred to in the preceding paragraph, Lender may do so for and in the name of Grantor and at Grantor's expense. For such purposes, Grantor hereby irrevocably appoints Lender as Grantor's attorney-in-fact for the purpose of making, executing, delivering, filing, recording, and doing all other things as may be necessary or desirable, in Lender's sole opinion, to

**MORTGAGE**
**(Continued)**

Loan No: ████████                                                                    **Page 7**

accomplish the matters referred to in the preceding paragraph.

**FULL PERFORMANCE.** If Grantor pays all the Indebtedness when due, and otherwise performs all the obligations imposed upon Grantor under this Mortgage, Lender shall execute and deliver to Grantor a suitable satisfaction of this Mortgage and suitable statements of termination of any financing statement on file evidencing Lender's security interest in the Rents and the Personal Property. Grantor will pay, if permitted by applicable law, any reasonable termination fee as determined by Lender from time to time.

**REINSTATEMENT OF SECURITY INTEREST.** If payment is made by Grantor, whether voluntarily or otherwise, or by guarantor or by any third party, on the Indebtedness and thereafter Lender is forced to remit the amount of that payment   (A)   to Grantor's trustee in bankruptcy or to any similar person under any federal or state bankruptcy law or law for the relief of debtors,  (B)  by reason of any judgment, decree or order of any court or administrative body having jurisdiction over Lender or any of Lender's property, or   (C)   by reason of any settlement or compromise of any claim made by Lender with any claimant (including without limitation Grantor), the Indebtedness shall be considered unpaid for the purpose of enforcement of this Mortgage and this Mortgage shall continue to be effective or shall be reinstated, as the case may be, notwithstanding any cancellation of this Mortgage or of any note or other instrument or agreement evidencing the Indebtedness and the Property will continue to secure the amount repaid or recovered to the same extent as if that amount never had been originally received by Lender, and Grantor shall be bound by any judgment, decree, order, settlement or compromise relating to the Indebtedness or to this Mortgage.

**EVENTS OF DEFAULT.** At Lender's option, Grantor will be in default under this Mortgage if any of the following happen:

**Payment Default.** Grantor fails to make any payment when due under the Indebtedness.

**Default on Other Payments.** Failure of Grantor within the time required by this Mortgage to make any payment for taxes or insurance, or any other payment necessary to prevent filing of or to effect discharge of any lien.

**Break Other Promises.** Grantor breaks any promise made to Lender or fails to perform promptly at the time and strictly in the manner provided in this Mortgage or in any agreement related to this Mortgage.

**Default in Favor of Third Parties.** Should Grantor default under any loan, extension of credit, security agreement, purchase or sales agreement, or any other agreement, in favor of any other creditor or person that may materially affect any of Grantor's property or Grantor's ability to repay the Indebtedness or Grantor's ability to perform Grantor's obligations under this Mortgage or any related document.

**False Statements.** Any representation or statement made or furnished to Lender by Grantor or on Grantor's behalf under this Mortgage or the Related Documents is false or misleading in any material respect, either now or at the time made or furnished.

**Defective Collateralization.** This Mortgage or any of the Related Documents ceases to be in full force and effect (including failure of any collateral document to create a valid and perfected security interest or lien) at any time and for any reason.

**Death or Insolvency.** The death of Grantor, the insolvency of Grantor, the appointment of a receiver for any part of Grantor's property, any assignment for the benefit of creditors, any type of creditor workout, or the commencement of any proceeding under any bankruptcy or insolvency laws by or against Grantor.

**Taking of the Property.** Any creditor or governmental agency tries to take any of the Property or any other of Grantor's property in which Lender has a lien. This includes taking of, garnishing of or levying on Grantor's accounts, including deposit accounts, with Lender. However, if Grantor disputes in good faith whether the claim on which the taking of the Property is based is valid or reasonable, and if Grantor gives Lender written notice of the claim and furnishes Lender with monies or a surety bond satisfactory to Lender to satisfy the claim, then this default provision will not apply.

**Breach of Other Agreement.** Any breach by Grantor under the terms of any other agreement between Grantor and Lender that is not remedied within any grace period provided therein, including without limitation

# MORTGAGE
## (Continued)

Loan No: ███████                                                                 **Page 8**

any agreement concerning any indebtedness or other obligation of Grantor to Lender, whether existing now or later.

**Events Affecting Guarantor.** Any of the preceding events occurs with respect to any guarantor, endorser, surety, or accommodation party of any of the Indebtedness or any guarantor, endorser, surety, or accommodation party dies or becomes incompetent, or revokes or disputes the validity of, or liability under, any Guaranty of the Indebtedness.

**Insecurity.** Lender in good faith believes itself insecure.

**RIGHTS AND REMEDIES ON DEFAULT.** Upon the occurrence of an Event of Default and at any time thereafter, Lender, at Lender's option, may exercise any one or more of the following rights and remedies, in addition to any other rights or remedies provided by law:

**Accelerate Indebtedness.** Lender shall have the right at its option without notice to Grantor to declare the entire Indebtedness immediately due and payable, including any prepayment penalty which Grantor would be required to pay.

**UCC Remedies.** With respect to all or any part of the Personal Property, Lender shall have all the rights and remedies of a secured party under the Uniform Commercial Code.

**Collect Rents.** Lender shall have the right, without notice to Grantor, to take possession of the Property and collect the Rents, including amounts past due and unpaid, and apply the net proceeds, over and above Lender's costs, against the Indebtedness. In furtherance of this right, Lender may require any tenant or other user of the Property to make payments of rent or use fees directly to Lender. If the Rents are collected by Lender, then Grantor irrevocably designates Lender as Grantor's attorney-in-fact to endorse instruments received in payment thereof in the name of Grantor and to negotiate the same and collect the proceeds. Payments by tenants or other users to Lender in response to Lender's demand shall satisfy the obligations for which the payments are made, whether or not any proper grounds for the demand existed. Lender may exercise its rights under this subparagraph either in person, by agent, or through a receiver.

**Mortgagee in Possession.** Lender shall have the right to be placed as mortgagee in possession or to have a receiver appointed to take possession of all or any part of the Property, with the power to protect and preserve the Property, to operate the Property preceding foreclosure or sale, and to collect the Rents from the Property and apply the proceeds, over and above the cost of the receivership, against the Indebtedness. The mortgagee in possession or receiver may serve without bond if permitted by law. Lender's right to the appointment of a receiver shall exist whether or not the apparent value of the Property exceeds the Indebtedness by a substantial amount. Employment by Lender shall not disqualify a person from serving as a receiver.

**Judicial Foreclosure.** Lender may obtain a judicial decree foreclosing Grantor's interest in all or any part of the Property.

**Deficiency Judgment.** If permitted by applicable law, Lender may obtain a judgment for any deficiency remaining in the Indebtedness due to Lender after application of all amounts received from the exercise of the rights provided in this section.

**Other Remedies.** Lender shall have all other rights and remedies provided in this Mortgage or the Note or available at law or in equity.

**Sale of the Property.** To the extent permitted by applicable law, Grantor hereby waives any and all right to have the Property marshalled. In exercising its rights and remedies, Lender shall be free to sell all or any part of the Property together or separately, in one sale or by separate sales. Lender shall be entitled to bid at any public sale on all or any portion of the Property.

**Notice of Sale.** Lender will give Grantor reasonable notice of the time and place of any public sale of the Personal Property or of the time after which any private sale or other intended disposition of the Personal Property is to be made. Reasonable notice shall mean notice given at least ten (10) days before the time of the sale or disposition. Any sale of the Personal Property may be made in conjunction with any sale of the

**MORTGAGE**
**(Continued)**

Loan No: ███████                                                                                    Page 9

---

Real Property.

**Election of Remedies.** All of Lender's rights and remedies will be cumulative and may be exercised alone or together. An election by Lender to choose any one remedy will not bar Lender from using any other remedy. If Lender decides to spend money or to perform any of Grantor's obligations under this Mortgage, after Grantor's failure to do so, that decision by Lender will not affect Lender's right to declare Grantor in default and to exercise Lender's remedies.

**Attorneys' Fees; Expenses.** If Lender institutes any suit or action to enforce any of the terms of this Mortgage, Lender shall be entitled to recover such sum as the court may adjudge reasonable as attorneys' fees at trial and upon any appeal. Whether or not any court action is involved, and to the extent not prohibited by law, all reasonable expenses Lender incurs that in Lender's opinion are necessary at any time for the protection of its interest or the enforcement of its rights shall become a part of the Indebtedness payable on demand and shall bear interest at the Note rate from the date of the expenditure until repaid. Expenses covered by this paragraph include, without limitation, however subject to any limits under applicable law, Lender's attorneys' fees and Lender's legal expenses, whether or not there is a lawsuit, including attorneys' fees and expenses for bankruptcy proceedings (including efforts to modify or vacate any automatic stay or injunction), appeals, and any anticipated post-judgment collection services, the cost of searching records, obtaining title reports (including foreclosure reports), surveyors' reports, and appraisal fees and title insurance, to the extent permitted by applicable law. Grantor also will pay any court costs, in addition to all other sums provided by law.

**NOTICES.** Any notice required to be given under this Mortgage, including without limitation any notice of default and any notice of sale shall be given in writing, and shall be effective when actually delivered, when actually received by telefacsimile (unless otherwise required by law), when deposited with a nationally recognized overnight courier, or, if mailed, when deposited in the United States mail, as first class, certified or registered mail postage prepaid, directed to the addresses shown near the beginning of this Mortgage. All copies of notices of foreclosure from the holder of any lien which has priority over this Mortgage shall be sent to Lender's address, as shown near the beginning of this Mortgage. Any person may change his or her address for notices under this Mortgage by giving formal written notice to the other person or persons, specifying that the purpose of the notice is to change the person's address. For notice purposes, Grantor agrees to keep Lender informed at all times of Grantor's current address. Unless otherwise provided or required by law, if there is more than one Grantor, any notice given by Lender to any Grantor is deemed to be notice given to all Grantors. It will be Grantor's responsibility to tell the others of the notice from Lender.

**MISCELLANEOUS PROVISIONS.** The following miscellaneous provisions are a part of this Mortgage:

**Amendments.** What is written in this Mortgage and in the Related Documents is Grantor's entire agreement with Lender concerning the matters covered by this Mortgage. To be effective, any change or amendment to this Mortgage must be in writing and must be signed by whoever will be bound or obligated by the change or amendment.

**Caption Headings.** Caption headings in this Mortgage are for convenience purposes only and are not to be used to interpret or define the provisions of this Mortgage.

**Governing Law. This Mortgage will be governed by federal law applicable to Lender and, to the extent not preempted by federal law, the laws of the State of Illinois without regard to its conflicts of law provisions. This Mortgage has been accepted by Lender in the State of Illinois.**

**Choice of Venue.** If there is a lawsuit, Grantor agrees upon Lender's request to submit to the jurisdiction of the courts of Cook County, State of Illinois.

**No Waiver by Lender.** Grantor understands Lender will not give up any of Lender's rights under this Mortgage unless Lender does so in writing. The fact that Lender delays or omits to exercise any right will not mean that Lender has given up that right. If Lender does agree in writing to give up one of Lender's rights, that does not mean Grantor will not have to comply with the other provisions of this Mortgage. Grantor also understands that if Lender does consent to a request, that does not mean that Grantor will not have to get

**MORTGAGE**

**(Continued)**

Lender's consent again if the situation happens again.  Grantor further understands that just because Lender consents to one or more of Grantor's requests, that does not mean Lender will be required to consent to any of Grantor's future requests.  Grantor waives presentment, demand for payment, protest, and notice of dishonor.

**Severability.**  If a court finds that any provision of this Mortgage is not valid or should not be enforced, that fact by itself will not mean that the rest of this Mortgage will not be valid or enforced.  Therefore, a court will enforce the rest of the provisions of this Mortgage even if a provision of this Mortgage may be found to be invalid or unenforceable.

**Merger.**  There shall be no merger of the interest or estate created by this Mortgage with any other interest or estate in the Property at any time held by or for the benefit of Lender in any capacity, without the written consent of Lender.

**Successors and Assigns.**  Subject to any limitations stated in this Mortgage on transfer of Grantor's interest, this Mortgage shall be binding upon and inure to the benefit of the parties, their successors and assigns.  If ownership of the Property becomes vested in a person other than Grantor, Lender, without notice to Grantor, may deal with Grantor's successors with reference to this Mortgage and the Indebtedness by way of forbearance or extension without releasing Grantor from the obligations of this Mortgage or liability under the Indebtedness.

**Time is of the Essence.**  Time is of the essence in the performance of this Mortgage.

**Waive Jury.**  **All parties to this Mortgage hereby waive the right to any jury trial in any action, proceeding, or counterclaim brought by any party against any other party.**

**Waiver of Homestead Exemption.**  Grantor hereby releases and waives all rights and benefits of the homestead exemption laws of the State of Illinois as to all Indebtedness secured by this Mortgage.

**DEFINITIONS.**  The following words shall have the following meanings when used in this Mortgage:

**Borrower.**  The word "Borrower" means DYLAN  REEVES and includes all co-signers and co-makers signing the Note and all their successors and assigns.

**Environmental Laws.**  The words "Environmental Laws" mean any and all state, federal and local statutes, regulations and ordinances relating to the protection of human health or the environment, including without limitation the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, as amended, 42 U.S.C. Section 9601, et seq. ("CERCLA"), the Superfund Amendments and Reauthorization Act of 1986, Pub. L. No. 99-499 ("SARA"), the Hazardous Materials Transportation Act, 49 U.S.C. Section 1801, et seq., the Resource Conservation and Recovery Act, 42 U.S.C. Section 6901, et seq., or other applicable state or federal laws, rules, or regulations adopted pursuant thereto.

**Event of Default.**  The words "Event of Default" mean any of the events of default set forth in this Mortgage in the events of default section of this Mortgage.

**Grantor.**  The word "Grantor" means DYLAN  REEVES.

**Guaranty.**  The word "Guaranty" means the guaranty from guarantor, endorser, surety, or accommodation party to Lender, including without limitation a guaranty of all or part of the Note.

**Hazardous Substances.**  The words "Hazardous Substances" mean materials that, because of their quantity, concentration or physical, chemical or infectious characteristics, may cause or pose a present or potential hazard to human health or the environment when improperly used, treated, stored, disposed of, generated, manufactured, transported or otherwise handled.  The words "Hazardous Substances" are used in their very broadest sense and include without limitation any and all hazardous or toxic substances, materials or waste as defined by or listed under the Environmental Laws.  The term "Hazardous Substances" also includes, without limitation, petroleum and petroleum by-products or any fraction thereof and asbestos.

**Improvements.**  The word "improvements" means all existing and future improvements, buildings, structures, mobile homes affixed on the Real Property, facilities, additions, replacements and other construction on the

## MORTGAGE
### (Continued)

Loan No: ████████                                                                    Page 11

---

Real Property.

**Indebtedness.** The word "Indebtedness" means all principal, interest, and other amounts, costs and expenses payable under the Note or Related Documents, together with all renewals of, extensions of, modifications of, consolidations of and substitutions for the Note or Related Documents and any amounts expended or advanced by Lender to discharge Grantor's obligations or expenses incurred by Lender to enforce Grantor's obligations under this Mortgage, together with interest on such amounts as provided in this Mortgage.

**Lender.** The word "Lender" means ShoreBank, its successors and assigns. The words "successors or assigns" mean any person or company that acquires any interest in the Note.

**Mortgage.** The word "Mortgage" means this Mortgage between Grantor and Lender.

**Note.** The word "Note" means the promissory note dated December 8, 2006, **in the original principal amount of $231,300.00** from Grantor to Lender, together with all renewals of, extensions of, modifications of, refinancings of, consolidations of, and substitutions for the promissory note or agreement. The interest rate on the Note is 7.000%. Payments on the Note are to be made in accordance with the following payment schedule: 6 monthly consecutive interest payments, beginning February 1, 2007, with interest calculated on the unpaid principal balances at an interest rate of 7.000% per annum; 353 monthly consecutive principal and interest payments of $1,546.56 each, beginning August 1, 2007, with interest calculated on the unpaid principal balances at an interest rate of 7.000% per annum; and one principal and interest payment of $1,549.75 on January 1, 2037, with interest calculated on the unpaid principal balances at an interest rate of 7.000% per annum. This estimated final payment is based on the assumption that all payments will be made exactly as scheduled; the actual final payment will be for all principal and accrued interest not yet paid, together with any other unpaid amounts under the Note. The maturity date of the Note is January 1, 2037.

**Personal Property.** The words "Personal Property" mean all equipment, fixtures, and other articles of personal property now or hereafter owned by Grantor, and now or hereafter attached or affixed to the Real Property; together with all accessions, parts, and additions to, all replacements of, and all substitutions for, any of such property; and together with all proceeds (including without limitation all insurance proceeds and refunds of premiums) from any sale or other disposition of the Property.

**Property.** The word "Property" means collectively the Real Property and the Personal Property.

**Real Property.** The words "Real Property" mean the real property, interests and rights, as further described in this Mortgage.

**Related Documents.** The words "Related Documents" mean all promissory notes, credit agreements, loan agreements, environmental agreements, guaranties, security agreements, mortgages, deeds of trust, security deeds, collateral mortgages, and all other instruments, agreements and documents, whether now or hereafter existing, executed in connection with the Indebtedness.

**Rents.** The word "Rents" means all present and future rents, revenues, income, issues, royalties, profits, and other benefits derived from the Property.

**GRANTOR ACKNOWLEDGES HAVING READ ALL THE PROVISIONS OF THIS MORTGAGE, AND GRANTOR AGREES TO ITS TERMS.**

GRANTOR:

X _____
  DYLAN REEVES

0708641088 Page: 12 of 13

**MORGAGE**

Loan No: ▮▮▮▮

**(Continued)**

Page 12

---

## INDIVIDUAL ACKNOWLEDGMENT

STATE OF _____ _IL ._____ )
                                      ) SS
COUNTY OF _____ _Cook_____ )

On this day before me, the undersigned Notary Public, personally appeared **DYLAN  REEVES**, to me known to be the individual described in and who executed the Mortgage, and acknowledged that he or she signed the Mortgage as his or her free and voluntary act and deed, for the uses and purposes therein mentioned.

Given under my hand and official seal this____ _8th_____ day of ___ _December_____, 20 _0 6_
_____.

By_____   Residing at _____

Notary Public in and for the State of _____ _IL ._____

My commission expires _____

"OFFICIAL  SEAL"
JEFFREY H. WILCOX
NOTARY PUBLI  STATE OF ILLINOIS
MY COMMISSION  EXPIRES 3/3/2010

LASER PRO Lending, Ver. 5.32.10.003 Copr. Harland Financial Solutions, Inc. 1997, 2006.  All Rights Reserved.  - IL  C:\LPL\CFI\LPL\G03.FC  TR-11848  PR-22

File No.: 108650

# EXHIBIT A

LOT 4 (EXCEPT THE NORTH 8 FEET THEREOF) AND THE NORTH 8 FEET OF LOT 5 IN BLOCK 9 IN
ODELL'S ADDITION TO EUCLID PARK, AS SUBDIVISION OF THE EAST ½ OF THE NORTHWEST ¼ OF
SECTION 9, TOWNSHIP 37 NORTH, RANGE 17, EAST OF THE THIRD PRINCIPAL MERIDIAN, IN COOK
COUNTY,                                                                                    ILLINOIS.

PIN:                                                                        25-09-129-057-0000

COMMONLY KNOWN AS: 9808 S NORMAL, CHICAGO, ILLINOIS 60628

# EXHIBIT C

**Warranty**
**Deed**



Doc#: 0636331079 Fee: $26.00
Eugene "Gene" Moore RHSP Fee:$10.00
Cook County Recorder of Deeds
Date: 12/29/2006 01:00 PM Pg: 1 of 2

**THIS INDENTURE WITNESSETH,** That the Grantor (s), **Gina Morrow, a single woman** for and in consideration of the sum of one dollar and other good and valuable considerations, the receipt of which is hereby acknowledged, convey and warrants to: **Dylan Reeves** the real property commonly known as: **9810 S. Normal Ave, Chicago, Illinois, 60628** and which is legally described as follows, to-wit: The South 8.00 Feet of the North 16.00 Feet of Lot 5 in V.H. Surghnor's Subdivision of Blocks 9 to 16 in O'Dell's Addition to Euclid Park, A Subdivision of The East ½ of The Northwest ¼ of Section 9, Township 37 North, Range 14, East of The Third Principal Meridian, According to The Plat Thereof Recorded as Document Number 1541584, in Cook County, Illinois.

PIN (S): 25-09-129-059 (note: vacant strip of land measuring approximately 8 ft. by 124.28 ft.)

SUBJECT TO TAXES NOT YET DUE AND PAYABLE. COVENANTS, CONDITIONS AND RESTRICTIONS OF RECORD

Situated in    Cook    County, Illinois, hereby releasing and waiving all rights under and by virtue of the Homestead

Exemption Laws of the State of Illinois.

Dated this December 27, 2006

City of Chicago
Dept. of Revenue
**485182**
12/29/2006 12:37  Batch 09365   57

Real Estate
Transfer Stamp
**$18.75**

_____
Gina Morrow



STATE OF ILLINOIS
COUNTY OF Cook

I, the undersigned, a Notary Public in and for said County and State aforesaid, DO HEREBY CERTIFY THAT,
**Gina Morrow, a single woman**
who is/are personally known to me to be the same person(s) whose name(s) are subscribed to the foregoing
instrument, as having executed the same, appeared before me this day in person and acknowledged that they signed,
sealed, and delivered the said instrument as their free and voluntary act for the uses and purposes therein set forth,
including the release and waiver of the right of homestead.

Given under my hand and Notarial Seal this December 27, 2006

_____
Notary Public

"OFFICIAL SEAL"
Yolanda V. Del Rio
Notary Public, State of Illinois
My Commission Exp. 05/30/2010

**This Instrument was prepared by and return to:**

Dylan Reeves
9808 S. Normal
Chicago, IL 60623

# EXHIBIT D



Doc#:  1131116051 **Fee:** $40.00
Eugene "Gene" Moore RHSP Fee:$10.00
Cook County Recorder of Deeds
Date: 11/07/2011 03:22 PM  Pg:  1 of 3

RECORDING REQUESTED BY
AND WHEN RECORDED RETURN TO:

Gregory A. McCormick
GARFIELD & MEREL, LTD.
180 N Stetson
Suite 1300
Chicago, Illinois 60601

COMMON ADDRESS:
9808 S. Normal
Chicago, IL 60628

TAX IDENTIFICATION NO.:
25-09-129-064-0000

---

## ASSIGNMENT OF MORTGAGE

Assignor:                                        Assignee:
Federal Deposit Insurance Corporation,           Urban Partnership Bank
as Receiver for ShoreBank

   FOR VALUE RECEIVED, the receipt and sufficiency of which are hereby acknowledged, Federal Deposit Insurance Corporation, as receiver for ShoreBank ("Assignor") does hereby grant, sell, assign, transfer and convey to  Urban Partnership Bank ("Assignee") that certain Mortgage described as follows (collectively "Mortgage"):

   Mortgage dated December 8, 2006 and recorded March 27, 2007 with the Recorder of Deeds of Cook County, Illinois as document number 0708641088 and executed by Dylan Reeves to ShoreBank to secure a note for $231,300.00.

Legal Description of Property:

LOT 4 (EXCEPT THE NORTH 8 FEET THEREOF) AND THE NORTH 8 FEET OF LOT 5 IN BLOCK 9 IN ODELL'S ADDITION TO EUCLID PARK, A SUBDIVISION OF THE EAST ½ OF THE NORTHWEST ¼ OF SECTION 9, TOWNSHIP 37 NORTH, RANGE 14 EAST OF THE THIRD PRINCIPAL MERIDIAN, IN COOK COUNTY, ILLINOIS.

Commonly known as: 9808 S. Normal, Chicago, IL 60628

Together with the notes and obligations therein described or referred to, the money due or to become due thereon, together with interest, and all rights accrued or to accrue under said Mortgage.

To have and to hold the same unto Assignee, and its successors and assigns forever, subject only to the terms and conditions of the above described Mortgage.

IN WITNESS WHEREOF, we have executed this Assignment the day and year first above written.

**ASSIGNOR**: FEDERAL DEPOSIT INSURANCE CORPORATION,
BY: URBAN PARTNERSHIP BANK ITS ATTORNEY
IN FACT

By: _____
Name: _____
Its: _____

STATE OF ILLINOIS            )
                             ) SS.
COUNTY OF _Cook_             )


    I, _Beersheba Abernathy_ , a Notary Public in and for said County, in the State aforesaid, **DO HEREBY CERTIFY THAT** _Maureen Bismark_ who are personally known to me to be the same person whose name is subscribed to the foregoing instrument, appeared before me this day in person and acknowledged that he signed, sealed and delivered the said instrument as his own free and voluntary act, for the uses and purposes therein set forth.

    **GIVEN** under my hand and notarial seal this _2nd_ day of _November_ , 2011.

_Beersheba B. Abernathy_
Notary Public

> "OFFICIAL SEAL"
> Beersheba G. Abernathy
> Notary Public, State of Illinois
> My Commission Expires Nov. 29, 2014

# EXHIBIT E

RECORDING REQUESTED BY
AND WHEN RECORDED RETURN TO:

Gregory A. McCormick
GARFIELD & MEREL, LTD.
Two Prudential Plaza
180 N. Stetson Avenue, Suite 1300
Chicago, Illinois 60601

COMMON ADDRESS:
9808 S. Normal
Chicago, Illinois 60628

TAX IDENTIFICATION NO.:
25-09-129-064-0000

Doc#: 1132644060 Fee: $38.00
Eugene "Gene" Moore RHSP Fee:$10.00
Cook County Recorder of Deeds
Date: 11/22/2011 11:58 AM Pg: 1 of 2

---

#26319

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT – CHANCERY DIVISION

URBAN PARTNERSHIP BANK, as successor )
in interest to SHOREBANK, )
)
Plaintiff, )
)
v. )      No. 11 CH 40227
)
DYLAN REEVES; )
5431-33 SOUTH WABASH, LLC; )
5437 SOUTH WABASH, LLC; )
CITY OF CHICAGO; )
HSBC NEVADA F/K/A HOUSEHOLD )      9808 S. NORMAL
BANK; FORD MOTOR CREDIT )
COMPANY. LLC; )      CHICAGO, IL 60628
BING TIE; YING CHANG MA; )
UNKNOWN OWNERS, and )
NON-RECORD CLAIMANTS. )
)
Defendants. )

### NOTICE OF LIS PENDENS
### NOTICE OF FORECLOSURE

1.    Pursuant to 735 ILCS 5/2-1901 and 5/15-1503, the undersigned hereby certifies that:
      The above entitled cause was filed on November 2, 2011, and is now pending before the
      above-noted court, and all the parties in the cause are identified above.

2.    The name of the title holder of record is:

      Dylan Reeves

3.    The real estate to be foreclosed is legally described as follows:

G:\SCOPPO\Urban Partnership Bank\Reeves - 9808 S Normal\LIS PENDENS.doc

1132644060 Page: 2 of 2

LOT 4 (EXCEPT THE NORTH 8 FEET THEREOF) AND THE NORTH 8 FEET OF LOT 5 IN BLOCK 9 IN ODELL'S ADDITION TO EUCLID PARK, A SUBDIVISION OF THE EAST ½ OF THE NORTHWEST ¼ OF SECTION 9, TOWNSHIP 37 NORTH, RANGE 14 EAST OF THE THIRD PRINCIPAL MERIDIAN, IN COOK COUNTY, ILLINOIS.

Commonly known as: 9808 S. Normal, Chicago, IL 60628


        Permanent Index Number: 25-09-129-064-0000


4.      Mortgage being foreclosed:
        Mortgage dated  December 8, 2006 and Recorded in the Office of the Recorder of
        Deeds of Cook County, Illinois:  March 27, 2007 as Document No.: 0708641088
        made by Dylan Reeves; and Mortgage dated March 20, 2008 and Recorded in the
        Office of the Recorder of Deeds of Cook County, Illinois; April 28, 2008 as
        Document No.:0811908052 made by Dylan Reeves


                                    Urban Partnership Bank as successor in interest
                                    to ShoreBank

                                    By:_____
                                           One of their attorneys




Gregory A. McCormick
Samantha Licker
GARFIELD & MEREL, LTD.
180 N. Stetson Avenue, Suite 1300
Chicago, Illinois 60601
Ph: (312) 583-1600
Atty. I.D. 26319

# EXHIBIT F

Doc#.  1610656052 Fee:  $50.00
Karen A. Yarbrough
Cook County Recorder of Deeds
Date: 04/15/2016 10:13 AM Pg:  1 of 2

PREPARED BY & RETURN TO:
M. E. Wileman
2860 Exchange Blvd. # 100
Southlake, TX 76092                    **Assignment of Mortgage**                    Send Any Notices To Assignee.

For Valuable Consideration, the undersigned, **URBAN PARTNERSHIP BANK** PO Box 19260, Chicago, IL 60619-0260 **(Assignor)** by these presents does assign and set over, without recourse, to **MRF ILLINOIS ONE, LLC  120 S. LaSalle, Suite 1850, Chicago, IL 60603 (Assignee)** the described mortgage with all interest, all liens, any rights due or to become due thereon, executed by **DYLAN REEVES, AN UNMARRIED MAN** to SHOREBANK.   Said mortgage **Dated: 12/8/2006** is recorded in the **State of IL, County of Cook on 3/27/2007, Document # 0708641088 AMOUNT: $ 231,300.00**   SEE ATTACHED EXHIBIT A
Parcel # 25091290570000   Property Address: 9808 S., NORMAL, CHICAGO, IL 60628

IN WITNESS WHEREOF, the undersigned corporation/trust has caused this instrument to be executed as a sealed instrument by its proper officer.  Executed on: 12/3/13
URBAN PARTNERSHIP BANK

By:  _Renee Kirin_

Renee Kirin, Director, Banking Operations

REEVES   KCM

State of Illinois, County of Cook
On 12/3/13, before me, the undersigned, Renee Kirin, who acknowledged that he/she is Director, Banking Operations of/for  URBAN PARTNERSHIP BANK
and that he/she executed the foregoing instrument and that such execution was done as the free act and deed of  URBAN PARTNERSHIP BANK  .

"OFFICIAL SEAL"
Pamela A. Murphy
Notary Public, State of Illinois
My Commission Expires July 6, 2017

Notary public, Pamela Murphy
My Commission Expires: July 6, 2017

IL   Cook

AMF/AOM/URBAN

# Exhibit A

LOT 4 (EXCEPT THE NORTH 8 FEET THEREOF) AND THE NORTH 8
FEET OF LOT 5 IN BLOCK 9 IN ODELL'S ADDITION TO EUCLID
PARK, AS SUBDIVISION OF THE EAST 1/2 OF THE NORTHWEST 1/4
OF SECTION 9, TOWNSHIP 37 NORTH, RANGE 17, EAST OF THE
THIRD PRINCIPAL MERIDIAN, IN COOK COUNTY, ILLINOIS.

THE REAL PROPERTY OR ITS ADDRESS IS COMMONLY KNOWN AS 9808
S. NORMAL, CHICAGO, IL 60628.
THE REAL PROPERTY TAX IDENTIFICATION NUMBER IS
25-09-129-057-0000.

Cook County,    IL

AMF/AOM/URBAN

# EXHIBIT G

Doc#.  1610656053 Fee:  $52.00
Karen A. Yarbrough
Cook County Recorder of Deeds
Date: 04/15/2016 10:13 AM Pg:  1 of 3

**Mail Tax Statement to:**
**Kondaur Capital Corporation**
333 South Anita Drive, Suite 400
Orange, CA 92868
456211

**This document prepared by: Terri Le**
**Kondaur Capital Corporation**
333 South Anita Drive, Suite 400
Orange, CA 92868

[Space Above This Line For Recording Data]

# ASSIGNMENT OF MORTGAGE

FOR VALUE RECEIVED, MRF Illinois One, LLC, c/o OCWEN Loan Servicing, LLC, whose address is 1661 Worthington RD, Suite 100, West Palm Beach, FL 33409, hereby assigns, and transfers to Kondaur Capital Corporation, as Separate Trustee of Matawin Ventures Trust Series 2015-2 at 333 S. Anita Dr., Ste., 400, Orange, CA 92868, all its right, title and interest in and to that certain Mortgage executed by Dylan Reeves, an unmarried man, with an original principal amount of $231,300.00 to ShoreBank, and bearing the date of December 08, 2006 and recorded as Instrument # 0708641088 on March 27, 2007 of Official Records in the County Recorder's office of Cook County, State of Illinois, describing land therein as:  See legal description attached hereto and made a part hereof as exhibit "A".

Commonly known as:  9808 S NORMAL, CHICAGO, IL 60628
Tax ID:  25-09-129-057-0000

*IN WITNESS WHEREOF*, the Assignor has caused these presents to be signed by its duly authorized officer this 28th day of January, 2016.

MRF Illinois One, LLC

By: _____
Name:  L. Steven Spears
Title:  Chair

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

STATE OF   _CO_   )
COUNTY OF  _Denver_   )SS.

On _Jun 28_ _____ 2016 before me, _Julie A Burke_, Notary Public, personally appeared _Steven Spears_ who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me and that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify that under penalty of perjury under laws of the State of _____ _Co_ _____ that the foregoing paragraph is true and correct.

_____
Notary Public
My Commission Expires:

JULIE A BURKE
Notary Public
State of Colorado
Notary ID 20074013801
My Commission Expires Apr 4, 2019

# Exhibit A

LOT 4 (EXCEPT THE NORTH 8 FEET THEREOF) AND THE NORTH 8
FEET OF LOT 5 IN BLOCK 9 IN ODELL'S ADDITION TO EUCLID
PARK, AS SUBDIVISION OF THE EAST 1/2 OF THE NORTHWEST 1/4
OF SECTION 9, TOWNSHIP 37 NORTH, RANGE 17, EAST OF THE
THIRD PRINCIPAL MERIDIAN, IN COOK COUNTY, ILLINOIS.

THE REAL PROPERTY OR ITS ADDRESS IS COMMONLY KNOWN AS 9808
S. NORMAL, CHICAGO, IL 60628.
THE REAL PROPERTY TAX IDENTIFICATION NUMBER IS
25-09-129-057-0000.

Cook County,   IL                AMF/AOM/URBAN

# EXHIBIT H

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: DYLAN REEVES, | ) | Case No. 13-21976 |
| | ) | |
| Debtor, | ) | Chapter 13 |
| | ) | |
| DYLAN REEVES, | ) | Adv. Pro. No. 16-00523 |
| | ) | |
| Plaintiff, | ) | Honorable Janet S. Baer |
| | ) | Judge Presiding |
| v. | ) | |
| | ) | |
| KONDAUR CAPITAL CORP., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**DECLARATION OF COLEMAN J. BRAUN**

I, Coleman J. Braun, declare and state under penalty of perjury that the following facts
are true and correct:

1.    I am an attorney in the firm of Maurice Wutscher LLP ("MW"), the attorneys for
Kondaur Capital Corp. ("Kondaur") in the above-entitled matter. I have personal knowledge of
the facts set forth herein and would be competent to testify to the following facts set forth in this
Affidavit.

2.    On November 2, 2016, I accessed the Cook County Recorder of Deeds Online
Portal located at www.cookrecorder.com ("Recorder's Website").

3.    Specifically, on that date, I accessed the "20/20 Perfect Vision i2 search portal"
("Search Portal") maintained at the Recorder's Website.

4.    The Search Portal allows for the search of "documents on record with the Cook
County Recorder of Deeds" by various methods including by "grantor/grantee search" (the
"Grantor/Grantee Index").

5.      I accessed the Grantor/Grantee Index in the Search Portal on November 2, 2016, and entered the name of the Plaintiff in this matter (last name first) as "Reeves Dylan".

6.      The search of the Grantor/Grantee Index reveals that "Reeves Dylan" has a "Grantor Count" of 24 results and a "Grantee Count" of 23 results.

7.      A true and correct copy of the search results of the "Grantor Count" from my November 2, 2016 search of the Grantor/Grantee Index at the Recorder's Website is attached hereto as Exhibit H-1.

8.      A true and correct copy of the search results of the "Grantee Count" from my November 2, 2016 search of the Grantor/Grantee Index at the Recorder's Website is attached hereto as Exhibit H-2.

9.      The search of the Grantor/Grantee Index also provides that "Reeves Dylan" with a reference to "Trust # 11CH40227" has a "Grantee Count" of 1 result.

10.      A true and correct copy of the search results of the "Grantee Count" concerning the "Trust # 11CH40227" from my November 2, 2016 search of the Grantor/Grantee Index at the Recorder's Website is attached hereto as Exhibit H-3.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: November 3, 2016

Coleman J. Braun

# EXHIBIT H-1

# SEARCH RESULTS

IL, Cook

Grantor / Grantee Search

11/2/2016 3:09:29 PM

| Name/Corporation | Doc.# Type Desc. | Recorded Date | PIN | Grantor | Grantee |
|---|---|---|---|---|---|
| REEVES DYLAN | 081190 MORTGAGE 8052 | 4/28/2008 | 25091290570000 | REEVES DYLAN | SHOREBANK |
| REEVES DYLAN | 081190 ASSIGNMENT 8053 | 4/28/2008 | 25091290570000 | REEVES DYLAN | SHOREBANK |
| REEVES DYLAN | 070864 MORTGAGE 1088 | 3/27/2007 | 25091290570000 | REEVES DYLAN | SHOREBANK |
| REEVES DYLAN | 062333 MORTGAGE 5114 | 8/21/2006 | 25091290570000 | REEVES DYLAN | CAPITAL ONE HOME LOANS LLC |
| REEVES DYLAN | 060522 QUIT CLAIM DEED 2110 | 2/21/2006 | 20171230260000 | REEVES DYLAN | PEARSON UNAFAY |
| REEVES DYLAN | 052763 MORTGAGE 5092 | 10/3/2005 | 25091290570000 | REEVES DYLAN | MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INC |
| REEVES DYLAN | 051242 WARRANTY DEED 7052 | 5/4/2005 | 20184050370000 | REEVES DYLAN | DJUROVIC MIROSLAV D |
| REEVES DYLAN | 043132 FINANCING 2177 STATEMENT | 11/8/2004 | 25052000150000 | REEVES DYLAN | PRIME ACCEP TANCE CORP |
| REEVES DYLAN | 041941 MORTGAGE 9050 | 7/12/2004 | 20184050370000 | REEVES DYLAN | ARGENT MTG CO LLC |
| REEVES DYLAN | 032382 QUIT CLAIM DEED 6209 | 8/26/2003 | 20033050290000 | REEVES DYLAN | CAREY KATHLEEN EST |
| REEVES DYLAN | 032171 QUIT CLAIM DEED 8094 | 8/5/2003 | 20033050300000 | REEVES DYLAN | CAREY KATHLEEN EST |
| REEVES DYLAN | 003037 DEED IN TRUST 7561 | 3/19/2003 | 20033050290000 | REEVES DYLAN | COSMOPOLITAN B&amp;T TR |
| REEVES DYLAN | 003037 DEED IN TRUST 7562 | 3/19/2003 | 20033050290000 | REEVES DYLAN | COSMOPOLITAN B&amp;T TR |
| REEVES DYLAN | 002068 DEED 1614 | 6/18/2002 | 20342210340000 | REEVES DYLAN | BANKERS TRUST CO CA |
| REEVES DYLAN | 006186 DEED IN TRUST 37 | 8/14/2000 | 20033050300000 | REEVES DYLAN | GREAT LAKES TRUST CO TR |

| REEVES DYLAN | 006186 DEED IN TRUST | 8/14/2000 | 20033050290000 | REEVES DYLAN | GREAT LAKES TRUST |
| | 38 | | | | CO TR |
| REEVES DYLAN | 006152 QUIT CLAIM DEED | 8/11/2000 | 20033050300000 | REEVES DYLAN | REEVES DYLAN |
| | 04 | | | | |
| REEVES DYLAN | 991962 MORTGAGE | 3/2/1999 | 20342210340000 | REEVES DYLAN | DOLPHIN MTG CORP |
| | 13 | | | | |
| REEVES DYLAN | 991008 MORTGAGE | 1/29/1999 | 20342210340000 | REEVES DYLAN | MORTGAGE |
| | 80 | | | | ACCEPTANCE CORP |
| REEVES DYLAN | 081880 LIEN | 12/30/1998 | 20212150220000 | REEVES DYLAN | AMERICAN NATL |
| | 14 | | | | B&amp;T CO CHGO TR |

# EXHIBIT H-2

# SEARCH RESULTS

IL, Cook

Grantor / Grantee Search

11/2/2016 3:18:13 PM

| Name/Corporation | Doc.# | Type Desc. | Recorded Date | PIN | Grantor | Grantee |
|---|---|---|---|---|---|---|
| REEVES DYLAN | 132072 9085 | COURT DOC | 7/26/2013 | 20101020230000 | CRAFT ERVIN EST | REEVES DYLAN |
| REEVES DYLAN | 131514 4018 | CORRECTION | 5/31/2013 | 20103090330000 | URBAN PARTNERSHIP BANK | REEVES DYLAN |
| REEVES DYLAN | 113082 9059 | LIS PENDENS FORECLOSURE | 11/4/2011 | 20103090320000 | URBAN PARTNERSHIP BANK | REEVES DYLAN |
| REEVES DYLAN | 113082 9060 | LIS PENDENS FORECLOSURE | 11/4/2011 | 20103090330000 | URBAN PARTNERSHIP BANK | REEVES DYLAN |
| REEVES DYLAN | 112031 3037 | JUDGMENT | 7/22/2011 | | TIE BING | REEVES DYLAN |
| REEVES DYLAN | 100892 6212 | JUDGMENT | 3/30/2010 | | FORD MOTOR CREDIT CO LLC | REEVES DYLAN |
| REEVES DYLAN | 100632 6154 | AMENDED LIS PENDENS | 3/4/2010 | 25091290600000 | BAC HOME LOANS SERVICING LP | REEVES DYLAN |
| REEVES DYLAN | 093632 6274 | LIS PENDENS FORECLOSURE | 12/29/2009 | 25091290600000 | BAC HOME LOANS SERVICING LP | REEVES DYLAN |
| REEVES DYLAN | 093344 0020 | JUDGMENT | 11/30/2009 | | HSBC NV | REEVES DYLAN |
| REEVES DYLAN | 090422 6068 | COURT DOC | 2/11/2009 | | CHICAGO | REEVES DYLAN |
| REEVES DYLAN | 070463 9014 | RELEASE | 2/15/2007 | 16101020300000 | MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INC | REEVES DYLAN |
| REEVES DYLAN | 063633 1079 | WARRANTY DEED | 12/29/2006 | 25091290590000 | MORROW GINA | REEVES DYLAN |
| REEVES DYLAN | 052034 4052 | WARRANTY DEED | 7/22/2005 | 25091290570000 | MAXIE WILLIE D | REEVES DYLAN |
| REEVES DYLAN | 051305 4141 | RELEASE | 5/10/2005 | 20184050370000 | ARGENT MTG CO LLC | REEVES DYLAN |
| REEVES DYLAN | 051192 2169 | TERMINATION | 4/29/2005 | 25052000140000 | PRIME ACCEPTANCE CORP | REEVES DYLAN |

| REEVES DYLAN | 042044 LIS PENDENS 5140 | 7/22/2004 | 20184050370000 | ARGENT MTG CO LLC | REEVES DYLAN |
| REEVES DYLAN | 041941 QUIT CLAIM DEED 9049 | 7/12/2004 | 20184050370000 | HARDY OSHABE | REEVES DYLAN |
| REEVES DYLAN | 031973 ORDER 9102 | 7/16/2003 | 20033050300000 | US BK TRUST NA TR | REEVES DYLAN |
| REEVES DYLAN | 006152 QUIT CLAIM DEED 04 | 8/11/2000 | 20033050300000 | REEVES DYLAN | REEVES DYLAN |
| REEVES DYLAN | 006152 QUIT CLAIM DEED 05 | 8/11/2000 | 20033050290000 | CAREY KATHLEEN L | REEVES DYLAN |

# EXHIBIT H-3

## SEARCH RESULTS

IL, Cook

Grantor / Grantee Search

11/2/2016 3:39:15 PM

| Name/Corporation | Doc.# | Type Desc. | Recorded Date | PIN | Grantor | Grantee |
|---|---|---|---|---|---|---|
| REEVES DYLAN | 113264 | LIS PENDENS | 11/22/2011 | 25091290570000 | URBAN PARTNERSHIP | REEVES DYLAN |
| | 4060 | FORECLOSURE | | | BANK | |

# EXHIBIT I

# United States Bankruptcy Court, Northern District of Illinois

| JUDGE | Janet S. Baer | Case No. | 13-21976 |
| --- | --- | --- | --- |
| DATE | December 8, 2016 | Adversary No. | 16-00523 |
| CASE TITLE | Dylan Reeves v. Kondaur Capital Corp., et al. | | |
| TITLE OF ORDER | Order Denying Plaintiff's Motion for Summary Judgment | | |

## DOCKET ENTRY TEXT

Order Denying Plaintiff's Motion for Summary Judgment (RE: <u>8</u> Motion for Summary Judgment). Hearing Continued (RE: <u>1</u> Complaint). Status hearing scheduled for 1/19/2017 at 10:00 a.m. at 219 South Dearborn, Courtroom 619, Chicago, Illinois 60604. Defendant's Motion for Summary Judgment due by 12/22/2016. Plaintiff's Response due by 1/5/2017.

**[For further details see text below.]**

## STATEMENT

The matter before the Court is the Plaintiff-Debtor's motion for summary judgment against the Defendant, Kondaur Capital Corporation ("Kondaur"). For the reasons stated herein, the Debtor's motion will be denied.

On May 27, 2013, the Debtor filed his bankruptcy petition under chapter 13 of the Bankruptcy Code. The Debtor's chapter 13 plan confirmed on November 7, 2013 purports to treat a number of secured claims as unsecured. (Adv. No. 16-523, Docket No. 9, Ex. 2, at 3 & 5.) Relevant to this matter, the confirmed plan provides the following language in section G:

> Urban Partnership Bank (account number 542605) shall not be paid on any secured proof of claim; lien to be avoided and treated as unsecured[.]

(*Id.*, Docket No. 9, Ex. 2, at 5.) The Debtor did not file a motion to determine the value of Urban Partnership Bank's secured claim or an adversary compliant to avoid this lien before the plan was confirmed. As such, the Court has not entered an order avoiding the lien. The Debtor has already completed all payments pursuant to the confirmed plan.

On December 13, 2013, Urban Partnership Bank assigned this mortgage lien (the "Lien") secured by the Debtor's real property located at 9808 S. Normal, Chicago, IL (the "Property") to MRF Illinois One, LLC which, in turn, assigned the Lien to Kondaur on January 28, 2016.[1] On May 10, 2016 Kondaur filed a motion for relief from stay as to the Property in the Debtor's bankruptcy case. The Court's decision as to that motion will be addressed in a separate Order.

---

[1] Kondaur holds a first-priority mortgage lien against the Property. (Answer, Adv. No. 16-523, Docket No. 5, at ¶ 7.)

Thereafter, on August 10, 2016, the Debtor filed the instant adversary proceeding to determine the "validity, priority, or extent" of the Lien, alleging that the Lien insufficiently describes the Property, rendering it unenforceable. (*See id.*, Docket No. 1, at ¶ 17-22.) Kondaur answered the complaint and asserted affirmative defenses on September 9, 2016 to which the Debtor answered on September 26, 2016. After the Debtor filed his motion for summary judgment on October 3, 2016, Kondaur filed its response to the motion and its response to the Debtor's Statement of Material Facts on November 3, 2016. The Debtor filed a reply brief on November 17, 2016.

Summary judgment is appropriate when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a) (made applicable to adversary proceedings by Fed. R. Bankr. P. 7056). On such a motion, the Court must decide, based on the evidence, whether there is a material disputed fact that requires a trial. *Payne v. Pauley*, 337 F.3d 767, 770 (7th Cir. 2003). Here, the salient facts are not in dispute and therefore the Court may resolve the Debtor's motion as a matter of law.

The Debtor argues that Kondaur is bound to the terms of the Debtor's confirmed chapter 13 plan which provides that the Lien will be treated as unsecured and avoided. He contends that the plan's provisions were specific enough to provide Kondaur's predecessor with due process and proper notice that the Debtor sought to avoid the Lien. Therefore, on this basis alone, the Debtor requests that the Court grant summary judgment in his favor and enter an Order avoiding the Lien.

Kondaur, on the other hand, first argues that the Debtor's reliance on the chapter 13 plan to avoid the Lien fails because the confirmed plan does not have any preclusive effect as to the validity or enforceability of the Lien. Kondaur's second argument is that the Debtor does not present any argument in his motion as to the merits of the allegation regarding the insufficiency of the legal description of the Property. Therefore, because the Debtor's argument as to his ability to avoid the Lien is unsupported and without legal merit, Kondaur requests that the Court deny the Debtor's motion and instead grant summary judgment in its favor. The Debtor did not provide any response to Kondaur's second argument in his reply brief.

Kondaur's first argument is well taken. The Order confirming the Debtor's plan, by itself, did not avoid the Lien because a confirmation order does not resolve matters which require litigation such as a determination of the validity of a lien. *See In re Ayre*, 339 B.R. 684, 687 (Bankr. C.D. Ill. 2006). A creditor must be afforded due process where a debtor seeks to avoid its lien. *See* Fed. R. Bankr. P. 3012 & 7001(2); *Piedmont Trust Bank v. Linkous* (*In re Linkous*), 990 F.2d 160, 162-63 (4th Cir. 1993); *Wright v. Commercial Credit Corp.*, 178 B.R. 703, 705 (E.D. Va. 1995) ("Although [a provision within] the Chapter 13 plan filed by the [debtor] put the [creditor] on notice that the debtors[] sought a ruling on the extent of their liens . . . , this notice does not comport with due process"). Specifically, "confirmation . . . cannot have preclusive effect as to the validity of a lien, which must be resolved in an adversary

proceeding as mandated by Fed. R. Bankr. P. 7001(2). *Strong v. United States* (*In re Strong*), 203 B.R. 105, 114 (Bankr. N.D. Ill. 1996) (citations omitted).

Likewise, "if the bankruptcy court never considers the lien, the plan cannot extinguish it." *Harmon v. U.S. ex rel. Farmers Home Admin.*, 101 F.3d 574, 581-82 (8th Cir. 1996) (citations omitted); *Strong*, 203 B.R. at 114 ("Unless the lien avoidance is actually litigated, confirmation has no preclusive effect and does not bind a secured creditor on the scope or validity of its lien"). The Court has not already considered the validity of the Lien.[2] Moreover, the Debtor has apparently abandoned his theory regarding the insufficiency of the description of the Property in his filings with the Court with respect to his motion for summary judgment.[3] The Debtor's motion for summary judgment is, therefore, denied. Accordingly, as it stands now, the Lien will pass through the Debtor's chapter 13 case unaffected. *See Palomar v. First Am. Bank*, 722 F.3d 992, 993 (7th Cir. 2013).

Kondaur, however, only made its request for summary judgment within its memorandum in opposition to the Debtor's motion. (*See* Docket Nos. 15 & 17.) Kondaur did not file an actual cross-motion for summary judgment. The Court will not rule on Kondaur's request without affording the Debtor the opportunity to file a response to Kondaur's cross-motion for summary judgment pursuant to Local Rule 7056-2.

Accordingly, the hearing on this adversary proceeding is continued to January 19, 2017 at 10:00 a.m. in Courtroom 619 before The Honorable Donald R. Cassling for status. Kondaur is directed to file a formal motion for summary judgment on or by December 22, 2016. The Debtor's response to that motion must be filed on or by January 5, 2017.

---

[2] To be clear, the language in section G of the Debtor's confirmed plan states that the Debtor intends *in the future* to avoid the Lien. (*See* Adv. No. 16-523, Docket No. 9, Ex. 2, at 5.) This is distinguishable from a case in which a debtor might argue that the language of the confirmed plan suggests that the lien was avoided by operation of the order confirming the plan. *See In re Harvey*, 213 F.3d 318, 319 (7th Cir. 2000). Here, not only is such language absent from the plan, but so too is the basis for the Lien's avoidance. That is not to say that a debtor could not avoid a lien held by a creditor in a proper proceeding. *See In re Fenn*, 428 B.R. 494, 501-502 (Bankr. N.D. Ill. 2010) (explaining that § 1322(b)(2) does not prohibit a junior creditor's wholly unsecured mortgage lien from being avoided). Here, however, the Lien is not avoided because such proceeding was not brought before the Court for consideration when the plan was confirmed.

[3] The complaint alleges that the "[f]ailure to properly list a legal description prevents a recorded mortgage from providing the necessary constructive notice to all other creditors that a lien is held." (Adv. No. 16-523, Docket No. 1, at ¶ 20.) The Court notes, however, that the Debtor does not allege that *reasonable* notice of the lien is not available as to a *bona fide* purchaser. *See Bank of N.Y. Mellon Trust Co., N.A. v. Wittman*, No. 12-C-846, 2013 WL 173801, at *6-9 (E.D. Wis. Jan. 16, 2013) (recording system in Wisconsin is designed to protect bona fide purchasers who exercise "some minimum degree of carefulness," rather than debtor-owners of properties (citations omitted)). Furthermore, the Debtor does not provide in his complaint any basis under Illinois law to avoid the Lien. And the Court need not search for such legal authority on its own. *See United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991) ("Judges are not like pigs, hunting for truffles buried in briefs.")

So ordered.

Date: <u>December 8, 2016</u>

_____

Hon. Jacqueline P. Cox
United States Bankruptcy Judge